UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VASUDEVAN SOFTWARE, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>MICROSTRATEGY INC.,<br><br>    Defendant. | Case No.: 11-cv-06637-RS-PSG<br><br>**ORDER DEFERRING RULING ON DEFENDANT'S MOTION FOR PROTECTIVE ORDER; GRANTING DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND PRIVILEGE LOGS; GRANTING-IN-PART DEFENDANT'S MOTION TO COMPEL RESPONSES TO INTERROGATORY; AND DEFERRING RULING ON PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF ELECTRONIC COMMUNICATIONS**<br><br>**(Re: Docket No. 96, 99, 104, 106)** |

In this patent infringement case, Defendant Microstrategy Inc. ("Microstrategy") moves to compel Plaintiff Vasudevan Software, Inc. ("VSI") to produce documents and privilege logs and to respond to an interrogatory. Microstrategy also seeks a protective order to prevent VSI from seeking excessive electronically stored information ("ESI"). VSI cross-moves to compel Microstrategy to produce the same electronic communications for which Microstrategy seeks the protective order.

1

Case No.: 11-6637 RS (PSG)
ORDER

Having reviewed the parties' papers and oral arguments, the court GRANTS Microstrategy's motion to compel production of documents or privilege logs and GRANTS-IN-PART Microstrategy's motion to compel responses to the interrogatory. Microstrategy's motion for a protective order and VSI's cross-motion to compel shall remain under submission pending sampling of VSI's requested search terms against five of the requested custodians.

## I. BACKGROUND

### A. Microstrategy's Protective Order and VSI's Motion to Compel

In his case management scheduling order, Judge Seeborg mandated that the exchange of electronically stored information ("ESI") in this case be governed by the Federal Circuit's Model Order on E-Discovery in Patent Cases, with two modifications.[1] First, instead of the Model Order's five email custodian limit per party, the parties may make requests of up to ten custodians. Second, rather than the Model Order's limit of five terms per party, the parties each may request up to twenty-five terms.

On June 19, 2012, VSI served a "specific email production request" on Microstrategy requesting the following custodians and documents for the time period between April 5, 2005 and the present:

| Custodian | Search Terms |
| --- | --- |
| 1. Ramkumar Ramachandran<br>2. Eric de Roos<br>3. Jeremy Price<br>4. Jeffrey Bedell<br>5. Joseph Bullis<br>6. Matt Ipri<br>7. Chris von Simson<br>8. Sanju Bansal<br>9. Suhrud Atre<br>10. Michael Saylor<br>11. Trishla Maru | 1. "7,167,864" or "10/911,368" or "6,877,006" or "09/903,506" or "7,720,861" or "11/592,447" or "8,082,268" or "12/781,347" or 864 or 368 or 006<br>2. (Vasudevan or VSi) /15 (patent or software)<br>3. (Vasudevan or VSi) /15 (Oracle or IBM)<br>4. (Vasudevan or VSi) /15 (suit or case)<br>5. Midas<br>6. Patent /10 license<br>7. Mark /10 Vasudevan<br>8. *OLAP<br>9. Cube |

---

[1] *See* Docket No. 63.

|  | 10. "Online analytical process*"<br>11. Slice w/3 dice<br>12. Dimension*<br>13. (09 /2 *5897) or (09 /2 *105) or "09-00105" or "09-105" or "09-05897" or "09-587"<br>14. NCI*<br>15. SES<br>16. KE3 |
|---|---|
| 1. Ramkumar Ramachandran<br>2. Jeffrey Bedell<br>3. Joseph Bullis<br>4. Matt Ipri<br>5. Sanju Bansal<br>6. Suhrud Atre<br>7. Trishla Maru | 1. "7,167,864" or "10/911,368" or "6,877,006" or "09/903,506" or "7,720,861" or "11/592,447" or "8,082,268" or "12/781,347" or 864 or 368 or 006<br>2. (Vasudevan or VSi) /15 (patent or software)<br>3. (Vasudevan or VSi) /15 (Oracle or IBM)<br>4. (Vasudevan or VSi) /15 (suit or case)<br>5. Midas<br>6. Patent /10 license<br>7. Mark /10 Vasudevan<br>8. *OLAP<br>9. Cube<br>10. "Online analytical process*"<br>11. Slice w/3 dice<br>12. Dimension*<br>13. (09 /2 *5897) or (09 /2 *105) or "09-00105" or "09-105" or "09-05897" or "09-587"<br>14. NCI*<br>15. SES<br>16. KE3<br>17. multisource or multi-source<br>18. business w/10 model<br>19. attribute /30 fact<br>20. multiple and (database or "data source")<br>21. writeback or write-back<br>22. connection w/10 map*<br>23. permission /30 object<br>24. "access control list" |
| 1. Eric de Roos<br>2. Jeremy Price<br>3. Chris von Simson<br>4. Michael Saylor | 1. "7,167,864" or "10/911,368" or "6,877,006" or "09/903,506" or "7,720,861" or "11/592,447" or "8,082,268" or "12/781,347" or 864 or 368 or 006<br>2. (Vasudevan or VSi) /15 (patent or software)<br>3. (Vasudevan or VSi) /15 (Oracle or IBM)<br>4. (Vasudevan or VSi) /15 (suit or case)<br>5. Midas<br>6. Patent /10 license<br>7. Mark /10 Vasudevan<br>8. *OLAP<br>9. Cube |

**United States District Court**
For the Northern District of California

3

Case No.: 11-6637 RS (PSG)
ORDER

| | |
|---|---|
| | 10. "Online analytical process*"<br>11. Slice w/3 dice<br>12. Dimension*<br>13. (09 /2 *5897) or (09 /2 *105) or "09-00105" or "09-105" or "09-05897" or "09-587"<br>14. NCI*<br>15. SES<br>16. KE3<br>17. MicroStrategy /15 (valu* or customer or sale* or revenue or market* or profit*) |
| 1. Josh Singer<br>2. Lakshmi Williams<br>3. Ming Shao | 1. "7,167864" or "10/911,368" or "6,877,006" or "09/903,506" or "7,720,861" or "11/592,447" or "8,082,268" or "12/781,347" or 864 or 368 or 006<br>2. (Vasudevan or VSi) /15 (patent or software)<br>3. (Vasudevan or VSi) /15 (Oracle or IBM)<br>4. (Vasudevan or VSi) /15 (suit or case)<br>5. Midas<br>6. Mark /10 Vasudevan<br>7. (09 /2 *5897) or (09 /2 *105) or "09-00105" or "09-105" or "09-05897" or "09-587"<br>8. NCI*<br>9. SES<br>10. KE3 |

On July 30, 2012, VSI amended its request and sought discovery from two sets of custodians. For the first set of custodians, VSI asked for emails from August 4, 2004 to the present:

| First Set of Custodians | Search Terms |
|---|---|
| 1. Suhrud Atre<br>2. Sanju Bansal<br>3. Jeffrey Bedell<br>4. Joseph Bullis<br>5. Matt Ipri<br>6. Trishla Maru<br>7. Ramkumar Ramachandran<br>8. Michael Saylor<br>9. Jeremy Price<br>10. Chris von Simson<br>11. Eric de Roos | 1. multisource or multi-source<br>2. attribute /30 fact<br>3. multiple and (database or "data source")<br>4. writeback or write-back<br>5. connection w/10 map*<br>6. permission /30 object<br>7. "access control list"<br>8. *OLAP<br>9. Cube<br>10. "Online analytical process*"<br>11. Slice w/3 dice<br>12. Dimension*<br>13. (09 /2 *5897) or (09 /2 *105) or "09-00105" or "09-105" or "09-05897" or "09-587"<br>14. (Vasudevan or VSi) /15 (patent or software)<br>15. "7,167864" or "10/911,368" or "6,877,006" |

4

Case No.: 11-6637 RS (PSG)
ORDER

| | or "09/903,506" or "7,720,861" or "11/592,447" or "8,082,268" or "12/781,347" or 864 or 368 or 006<br>16. MicroStrategy /15 (valu* or customer or sale* or revenue or market* or profit*)<br>17. Patent /10 license<br>18. business w/10 model<br>19. Mark /10 Vasudevan<br>20. KE3 or Midas |
|---|---|

For the second set of custodians, VSI sought production of documents from April 13, 2009 until December 23, 2011:

| Second Set of Custodians | Search Terms |
|---|---|
| "All persons who sent communications related to the subpoena described in MicroStrategy's response to VSi's Interrogatory No. 1." | 1. "7,167864" or "10/911,368" or "6,877,006" or "09/903,506" or "7,720,861" or "11/592,447" or "8,082,268" or "12/781,347" or 864 or 368 or 006<br>2. (Vasudevan or VSi) /15 (patent or software)<br>3. (Vasudevan or VSi) /15 (Oracle or IBM)<br>4. (Vasudevan or VSi) /15 (suit or case)<br>5. Midas<br>6. Mark /10 Vasudevan<br>7. (09 /2 *5897) or (09 /2 *105) or "09-00105" or "09-105" or "09-05897" or "09-587"<br>8. SES<br>9. KE3 |

Following receipt of the amended request, Microstrategy ran searches on two custodians: Dennis Lawrence ("Lawrence") and Richard Wiedis ("Wiedis"), who according to Microstrategy were two custodians that fell within VSI's Second Set of Custodians, and produced a privilege log reflecting that all their responsive emails were attorney-client communications.

On August 27, 2012, VSI asked Microstrategy not to count the Lawrence or Wiedis searches against their ten-custodian limit and again amended its request:

| Custodian | Search Terms |
|---|---|
| 1. Suhrud Atre<br>2. Jeffrey Bedell<br>3. Joseph Bullis<br>4. Matt Ipri<br>5. Ramkumar Ramachandran<br>6. Michael Saylor | 1. multiple /2 (database or "data source")<br>2. writeback or write-back<br>3. connection /8 map*<br>4. "access control list"<br>5. OLAP or ROLAP or HOLAP or DOLAP<br>6. permission /5 object |

5

Case No.: 11-6637 RS (PSG)
ORDER

| | |
|---|---|
| 7. Jeremy Price<br>8. Eric de Roos | 7. (09 /2 *5897) or (09 /2 *105) or "09-00105" or "09-105" or "09-05897" or "09-587"<br>8. (Vasudeval or VSi)<br>9. (multisource or multi-source) /15 (valu* or sale* or revenue or market* or profit*)<br>10. patent /3 license<br>11. KE3<br>12. Midas<br>13. 7,167,864 or 7167864<br>14. 6,877,006 or 6877006<br>15. 7,720,861 or 7720861<br>16. 8,082,268 or 8082268 |

VSI's cross-motion seeks to compel Microstrategy to run searches using this last compilation of custodians and terms. Microstrategy has agreed to run searches for certain search terms including case numbers, patent numbers, "Vasudevan," "VSi," Patent /3 license," KE3, and Midas, but objects to VSI's terms and to including as a custodian Michael Saylor, Microstrategy's CEO.

**B.  Microstrategy's Motion to Compel Production of Documents and Privilege Logs**

Microstrategy sought from VSI three categories of documents for which it argues VSI has not provided sufficiently responsive documents:

(1)  all documents relating to the first time that VSI learned of Microstrategy's products or systems that VSI is accusing of infringing the patents-in-suit, including documents related to the investigation that VSI performed before it named Microstrategy in this case;

(2)  all documents relating to VSI's evaluation, analysis, or investigation concerning each and every accused Microstrategy product or system; and

(3)  all documents relating to Jasmine, including all software copies, manuals user guides, administrator guides, developer guides, and other documents.

According to Microstrategy, VSI agreed to produce "non-privileged, relevant, responsive documents" within its custody or control but failed to provide either communications between VSI employees and its attorneys or a detailed privilege log of those communications. Microstrategy asserts that those documents are relevant and discoverable, particularly for its laches defense. VSI

6

Case No.: 11-6637 RS (PSG)
ORDER

claims that all of the communications at issue are protected by the attorney-client or work-product privileges and that a detailed privilege log is unwarranted.

**C.     Microstrategy's Motion to Compel Further Response to Interrogatory No. 4**

Among nine interrogatories Microstrategy served on VSI, Microstrategy sought information about VSI's marking requirements for licensees of one of the patents at issue:

> State whether VSI and/or any licensees of the patents-in-suit have complied with 35 U.S.C. § 287 with respect to the patents-in-suit. If so, describe in detail how 35 U.S.C. § 287 has been complied with, including by identifying any products that have been marked, identifying the dates over which the products have been marked, identifying all documents showing any such markings, and identifying people knowledgeable of any such compliance.

Microstrategy specifically sought information about the marking activities of two licensees, Oracle and International Business Machines ("IBM").

VSI initially objected that the interrogatory was "overbroad" and that "complied with 35 U.S.C. § 287" was vague and "predicated on a legal conclusion." After meeting and conferring, it further indicated that the licensing terms Microstrategy sought were subject to a confidentiality agreement arising out of its mediation with Oracle and IBM. According to VSI, Oracle and IBM objected to production of any documents arising out of the mediation.

Microstrategy asserts that it does not want information from the mediation session per se; rather, it seeks information about licensees' marking practices and that information post-dates the mediation. VSI supplemented its response and stated that it "has no knowledge of IBM or Oracle's compliance with 35 U.S.C. § 287 that post-dates the mediation of the IBM/Oracle Litigation" and that "VSI has taken no further action to ensure IBM or Oracle's compliance since October 4, 2011," the date of the mediation. Microstrategy asserts that VSI's response remains inadequate.

7

Case No.: 11-6637 RS (PSG)
ORDER

## II. LEGAL STANDARDS

### A. Motion to Compel

Fed. R. Civ. P. 26(b) provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." The relevant information "need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Relevance under Rule 26(b) is broadly defined, "although it is not without ultimate and necessary boundaries."[2]

The court must limit the frequency or extent of discovery if it is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, or the burden or expense of the proposed discovery outweighs its likely benefit. Upon a motion to compel pursuant to Fed. R. Civ. P. 37(a)(3), the moving party has the burden of demonstrating relevance.[3]

### B. Protective Order

"A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending," and the court "may for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[4] A party can establish good cause where it specifically demonstrates "that disclosure will cause a specific prejudice or harm."[5] Accordingly, the court may "forbid[] the disclosure or discovery," "forbid[] inquiry into certain matters, or limit[] the scope of disclosure or discovery to certain

---

[2] *See Gonzales v. Google Inc.*, 234 F.R.D. 674, 680 (N.D. Cal. 2006) (internal citations and quotations omitted).

[3] *See Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995).

[4] Fed. R. Civ. P. 26(c)(1).

[5] *Rivera v. NIBCO, Inc.*, 384 F.3d 822, 827 (9th Cir. 2004).

8

Case No.: 11-6637 RS (PSG)
ORDER

matters," or "prescribe[] a discovery method other than the one selected by the party seeking discovery."[6]

### III.   DISCUSSION

**A.   VSI's Motion to Compel and Microstrategy's Motion for Protective Order**

Microstrategy's objections to VSI's document production request fall into roughly three categories: (1) VSI's terms are not narrowly tailored to uncover specific information; (2) VSI seeks production for more than twenty-five terms; and (3) Michael Saylor ("Saylor") should not be a named custodian. Microstrategy indicated that it would run searches using some of VSI's terms if VSI agreed to bear the cost of the "overy broad search terms." It refuses to produce any documents from Saylor other than very specific materials that VSI has yet to identify.

**1.   Search Terms**

Microstrategy argues that VSI's requests violate the Model Order because they constitute a "fishing expedition." It asserts that VSI sought "general categories of information rather than specific issues"; that VSI sought more custodians than permitted under Judge Seeborg's order; that the search terms are "far more voluminous and broad" than permitted under the Model Order or necessary for the underlying litigation; and that VSI's date range is "well beyond the timeframe relevant to the issues in this case."

VSI responds that its requests, even if broad in language, are actually specific to certain custodians it has identified as particularly relevant. It also asserts that it does not seek more than ten custodians, but that it wanted Microstrategy to aid it in narrowing its larger list down to the ten most pertinent people. VSI argues that its timeframe is appropriate because, although the allegedly infringing product was released in 2009, information about its development from 2004 to 2009 is important for VSI's willfulness claim.

---

[6] *Id.*

9

Case No.: 11-6637 RS (PSG)
ORDER

The Federal Circuit's Model Order attempts to simplify the arduous process of discovery of ESI in patent cases by establishing a default method of splitting costs among parties: for requests falling within the limits set in the Model Order (or modifications of the order, such as Judge Seeborg's), the producing party bears the cost and for requests falling outside of those limits, the requesting party must pay.[7]

As this court previously noted, although the Model Order resolves several potential disputes between parties, it "was offered only as the beginning of a much longer conversation in the case law about how to properly scope custodial email search collection and production."[8]  But as this case makes clear, making those determinations often is no easy task.  "There is no magic to the science of search and retrieval: only mathematics, linguistics, and hard work."[9]

Unfortunately, despite being a topic fraught with traps for the unwary, the parties invite the court to enter this morass of search terms and discovery requests with little more than their arguments.  Microstrategy submitted an "initial hit count" for thirteen terms, but Microstrategy does not indicate which custodians were included in the search and many of the terms are separations of the terms VSI requested.[10]   VSI provides different yield numbers that it states were

---

[7] *See* Federal Circuit Model Order Regarding E-Discovery in Patent Cases, *available at* http://www.cafc.uscourts.gov/2011/model-e-discovery-order-adopted-by-the-federal-circuit-advisory-counsel.html (last visited November 12, 2012).

[8] *DCG Sys. v. Checkpoint Techs. LLC.*, Case No. C 11-03792 (N.D. Cal. Aug. 20, 2012).

[9] Working Group on Best Practices for Document Retention & Prod., The Sedona Conference, *Best Practices Commentary on the Use of Search and Information and Retrieval Methods in E-Discovery*, 8 Sedona Conf. J. 189, 208 (2007); *cf. United States v. O'Keefe*, 537 F. Supp. 2d 14, 24 (D.D.C. 2008) ("Whether search terms . . . will yield the information sought is a complicated question involving the interplay, at least, of the sciences of computer technology, statistics, and linguistics.").

[10] *See* Docket No. 99 Ex. 11.

disclosed by Microstrategy, but offers no evidence of those yields and even admits that it does not know how many custodians Microstrategy used in the searches.[11]

As VSI points out, this court has previously observed that "[r]ather than applying mechanical counting rules . . . the right way to resolve such a dispute is to consider the yield against the purported need."[12] But the inquiry is difficult when neither party has provided particularly helpful details about the potential yield from VSI's search terms. Microstrategy merely concludes that the terms are overbroad and will require burdensome discovery. VSI, in turn, merely argues that its terms are relevant to the underlying litigation and that the limited yield information Microstrategy has provided illustrates that the requests are not burdensome.

Before it can determine the reasonableness of VSI's request, the court – and for that matter, the parties – need more information. To that end, no later than fourteen days from this order Microstrategy shall run a search using each of VSI's terms against five custodians. The parties shall meet and confer regarding the resulting hit count for each custodian and term, and if they still cannot resolve their disputes about Microstrategy's production obligation, they shall provide the results and their respective arguments to the court for its determination.

The court must also note that the parties here have displayed little of the cooperation required of litigants in an endeavor such as this. The Model Order requires parties to "cooperate to identify the proper custodians, proper search terms and proper time frame,"[13] and the Sedona Principles emphasize the importance of collaboration between parties during discovery, noting that

---

[11] *See* Docket No. 103. According to VSI, it drew the hit counts from Exhibit 13 to Microstrategy's motion for a protective order. But Microstrategy did not provide to the court an Exhibit 13. *See* Docket No. 99 Ex. 2 (describing 11 exhibits).

[12] *DCG Systems*, Case No. C 11-03792.

[13] *See* Federal Circuit Model Order Regarding E-Discovery in Patent Cases, ¶ 9.

11

Case No.: 11-6637 RS (PSG)
ORDER

"[p]arties should attempt to resolve electronic discovery issues at the outset of discovery."[14] Despite these admonitions, the parties here presented two different motions – six briefs in total – regarding this discovery dispute.[15] To ensure that VSI and Microstrategy achieve more fully the collaboration expected of them, lead counsel shall meet and confer in person before any future discovery disputes are brought in this court.

### 2. Michael Saylor

VSI named Saylor, Microstrategy's CEO, as one of the custodians on whose emails it requests Microstrategy to run a search of its terms. Microstrategy argues that VSI's request is harassing and that VSI has provided no reason why a lower-level employee could not be named instead.[16] Microstrategy further argues that VSI's reasons for seeking Saylor's emails are based on "pure conjecture" and that he played no part in the facts giving rise to this case.[17] VSI responds that as "founder, principal shareholder, Chairman," and CEO of Microstrategy, Saylor has "more knowledge than anyone else at Microstrategy about big picture subjects" including patent licensing and avoiding infringement.[18] VSI also points out that Saylor is listed as an inventor on one of the patents that VSI accuses of infringement.[19]

Although the court must limit discovery that is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less

---

[14] The Sedona Conference, *The Sedona Principles: Best Practices Recommendations & Principles for Addressing Electronic Document Production* 51 (2d ed. 2007).

[15] The court must still discuss two other motions brought because of a lack of cooperation on both sides.

[16] *See* Docket No. 99.

[17] *See id.*

[18] *See* Docket No. 103.

[19] *See id.*

12
Case No.: 11-6637 RS (PSG)
ORDER

expensive,"[20] Microstrategy has not sufficiently shown how naming Saylor as a custodian undermines this objective.  Other than pointing to Saylor's position and stating – without evidence – that he is not involved, Microstrategy provides no argument beyond reciting that VSI's request is "harassing."[21]  Especially in light of the broad interpretation of "relevance" under Fed. R. Civ. P. 26, VSI has made a persuasive showing that Saylor's emails may be relevant and may lead to admissible evidence if not admissible themselves.  Saylor is the founder and CEO of the company; he would most likely have information lower-level employees do not.  And Microstrategy has not named any specific lower-level employees whose emails would be a sufficient and more convenient substitute, such that VSI's request might appear duplicative or unreasonable.

Microstrategy's motion for a protective order for Saylor's emails is DENIED.  VSI's motion to compel production of Saylor's emails responsive to its requests is GRANTED.

**B.       Microstrategy's Motion to Compel Privilege Logs and Documents**

Microstrategy argues that VSI's production of documents was deficient for Requests 16, 23, and 32, which request documents relating to VSI's investigation of infringement by Microstrategy's products and details about VSI's products.[22]  Microstrategy asserts that communications between VSI executives and VSI's counsel that are responsive to its request must exist and that VSI must either produce the documents or a detailed privilege log of the documents it believes are protected by the attorney-client privilege or work-product immunity.

VSI responds that it has already provided adequate notice that certain responsive documents fall within the attorney-client privilege or work-product immunity and that any documents not

---

[20] Fed. R. Civ. P. 26(b)(1).

[21] *See* Docket No. 99.

[22] *See* Docket No. 96.

13

Case No.: 11-6637 RS (PSG)
ORDER

already produced to Microstrategy are privileged.[23] It also asserts that it is not required to provide a detailed privilege log but pursuant to Fed. R. Civ. P. 26(b)(5) only information sufficient to "enable other parties to assess the claim."

The court agrees with Microstrategy that VSI should produce a privilege log of the communications it asserts are potentially responsive to Microstrategy's requests but are privileged. VSI's refusal to provide any log of responsive but privileged communications between it and its counsel is unreasonable. But Microstrategy's request for item-by-item logs is also unreasonable. VSI may provide categorical logs, essentially grouping documents by type and indicating how each of those categories is privileged.[24]

**C.    Microstrategy's Motion to Compel Responses to Interrogatory No. 4**

Microstrategy seeks to compel VSI to provide further responses to Interrogatory Number 4, which inquires about VSI's enforcement of patent marking on licensees as required under 35 U.S.C. § 287.[25] In its initial response, VSI claimed that the confidentiality agreement it signed with Oracle and IBM during mediation resulting in their licenses of VSI's patent precluded it from providing responsive information.[26] In its motion, Microstrategy argued this objection was problematic because during the mediation at issue Oracle and IBM were not yet licensees and so the confidentiality agreement was irrelevant.[27]

VSI replies that in response to Microstrategy's motion it has again supplemented its response and has stated that it does not have any knowledge about whether Oracle and IBM

---

[23] *See* Docket No. 102.

[24] *See, e.g.*, *Orbit One Commc'ns, Inc. v. Numerex Corp.*, 255 F.R.D. 98, 109 (S.D.N.Y. 2008).

[25] *See* Docket No. 106.

[26] *See* Docket No. 106 Ex. 4.

[27] *See* Docket No. 106.

14
Case No.: 11-6637 RS (PSG)
ORDER

continue to comply with the marking requirements of 35 U.S.C. § 287 and it has taken no action to ensure compliance.[28] Microstrategy remains unsatisfied with this response, even though it would seem to satisfy the initial complaint.  According to Microstrategy, VSI's second supplemental response suggests that VSI complied with its Section 287 requirements during its mediation with Oracle and IBM, but VSI's failure to provide the contents of the mediation prevent Microstrategy from ascertaining the accuracy of that claim.[29]

Based on the papers alone, the court must admit that it was unclear what exactly Microstrategy wants.  In its motion, Microstrategy said it was not seeking information from the mediation because at that point Oracle and IBM were not licensees, but then when VSI provides the response Microstrategy ostensibly sought, Microstrategy replies that it does, in fact, want the mediation communications.

In any event, at the hearing, Microstrategy confirmed that it now seeks nothing more than a response from VSI regarding any steps it took to ensure compliance from October 3, 2011 – the date that IBM signed its license agreement with VSI – to October 4, 2011, the date referenced in VSI's latest supplemental response.  Particularly in light of VSI's representation at the hearing that it could supplement its response with such information, the court is persuaded that this limited supplementation is warranted.

Microstrategy's motion to compel further responses to Interrogatory Number 4 is GRANTED-IN-PART.

## IV.   CONCLUSION

The parties' cross-motions regarding search terms shall remain under submission pending the results of the sampling of the search terms for five custodians.  Microstrategy's protective order

---

[28] *See* Docket No. 117.

[29] *See* Docket No. 121.

15

Case No.: 11-6637 RS (PSG)
ORDER

to prevent VSI from naming Saylor as a custodian is DENIED.  Microstrategy's motion to compel production of a privilege log of responsive documents from VSI is GRANTED, although VSI only needs to provide a categorical log.  Microstrategy's motion to compel further responses to Interrogatory Number 4 is GRANTED-IN-PART.  Finally, lead counsel are ordered to meet and confer in person before any party brings any future discovery motions.

**IT IS SO ORDERED**.

Dated: November 15, 2012

*Paul S. Grewal*
PAUL S. GREWAL
United States Magistrate Judge

16

Case No.: 11-6637 RS (PSG)
ORDER