IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VASUDEVAN SOFTWARE, INC., | No. C 11-06637 RS |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO STRIKE AND DENYING MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS** |
| MICROSTRATEGY, INC., | |
| Defendant. | |

The Northern District of California has adopted its Patent Local Rules to aide in the efficient adjudication of patent cases. In this case, the parties have employed those Rules not as a mechanism to identify and resolve their disputes, but instead simply as a new platform on which to do battle. Accordingly, plaintiff Vasudevan Software, Inc. (VSi) moves to strike an errata filed by defendant MicroStrategy, Inc., purporting to correct the parties' Joint Claim Construction and Prehearing Statement filed under Patent Local Rule 4-3. VSi also seeks leave to amend its own Patent Local Rule 3-1 infringement contentions. For the reasons discussed below, both motions to strike are denied.

I.  MOTION TO STRIKE

On June 11, 2012, VSi, MicroStrategy, and TIBCO Software, Inc. (a defendant in a related case), filed a Joint Claim Construction and Prehearing Statement pursuant to Patent Local Rule 4-3.

1  P.L.R. 4-3 requires this statement to include "[a]n identification of the terms whose construction
2  will be most significant to the resolution of the case . . . [and] any term among the[m] whose
3  construction will be case or claim dispositive." The relevant portion of the originally filed statement
4  reads as follows:

> All the Parties identify the following term whose construction will be most significant to the resolution of the case: "disparate [] databases." None of the Parties believe that the claim construction for "disparate [] databases" will be case or claim dispositive. MicroStrategy identifies the following terms whose constructions will be most significant to the resolution of the case: "a persistent repository" and "directly." MicroStrategy believes the claim constructions for "a persistent repository" and "directly" may be claim dispositive.

9  On October 10, 2012, MicroStrategy filed an errata stating that the sentence "None of the parties
10 believe that the claim construction for 'disparate [] databases' will be case or claim dispositive" was
11 an inadvertent typographical error. MicroStrategy attached to its errata a corrected version of the
12 pleading replacing that sentence with one reading "VSi believes that the claim construction for
13 'disparate [] databases' will not be case or claim dispositive."

14 VSi takes great umbrage at this errata, characterizing it as an "attempt[] to *unilaterally* and
15 *retroactively* change [MicroStrategy's] position—for a tactical advantage." VSi frames the errata
16 as an "attempt to take back its prior admission under false pretext." From VSi's perspective, the
17 filing of the P.L.R. 4-3 statement was either an admission or agreement that the claim construction
18 for "disparate [] databases" cannot be case or claim dispositive. Although VSi does not explicitly
19 say why this allegedly improper change in position is so important to it, the reason appears to be the
20 fact that on September 19, 2012, the Court issued its claim construction order, construing "disparate
21 [] databases" in the manner advocated by MicroStrategy. On October 3, 2012, MicroStrategy
22 informed VSi via letter that it believed the construction of "disparate [] databases" was case
23 dispositive. VSi responded that MicroStrategy was precluded from making such an argument
24 because it had waived it by agreeing to the challenged sentence in the joint statement. Shortly
25 thereafter, MicroStrategy filed the errata that is the subject of this motion to strike.

26 The parties offer detailed dueling timelines of their negotiations and edits of the statement.
27 Suffice it to say that the statement was drafted over the course of four days between three parties
28 through a flurry of communications involving many emailed redlined revisions. In support of its

argument that the challenged sentence was not a typo, but rather, accurately reflected MicroStrategy's litigation position at the time, VSi points to the fact that many versions of the statement containing the sentence were circulated to MicroStrategy, yet its counsel never objected to the language. The final version of the statement was reviewed by an associate and two partners connected with MicroStrategy's counsel, as well as a MicroStrategy employee. VSI argues that if the sentence was contrary to MicroStrategy's position at the time, surely, someone would have noticed it and sought to excise it prior to filing.

MicroStrategy counters that it has always deemed that the construction of "disparate [] databases" as potentially case dispositive, and, had it focused on a sentence to the contrary in the joint statement, it would not have agreed to its filing. MicroStrategy blames its failure to notice the sentence on the confusion that arose from so many redlined drafts being exchanged. It also notes that the attorney who was primarily responsible for negotiating and drafting the joint statement on its behalf was traveling to a deposition on the date of the filing, so his attention may have been distracted.

The parties also argue over whether the challenged sentence constitutes a "typo." VSi argues that its inclusion was not inadvertent and that the entire joint statement only makes sense with the challenged sentence included. Unsurprisingly, MicroStrategy argues that the inadvertence of the sentence's inclusion in the joint statement arose from a version control problem rather than a literal typo. MicroStrategy also presents arguments for why the joint statement can only make sense if the amended sentence is included.

The final reason that VSi has presented for striking the errata is that, in filing it, MicroStrategy was unilaterally filing a joint pleading without the consent of the other parties. The errata itself is filed only on behalf of MicroStrategy and makes no representations that it is unopposed or has otherwise been consented to by VSi or TIBCO. VSI takes issue with Exhibit A to the errata, described by Microstrategy as "a corrected version of the" joint statement. Exhibit A appears to have e-signatures for VSi and TIBCO attorneys, which VSi describes as a false attestation that MicroStrategy had obtained its permission to file the corrected joint statement. It is unclear whether Exhibit A was intended to replace the joint statement on behalf of all parties, or

merely to demonstrate what the amended pleading would look like. In any event, MicroStrategy's change to a single sentence did not purport to make any changes to the positions of other parties, only to its own.

Absent from the ample briefing on this issue is any discussion of what law might govern an amendment to a P.L.R. 4-3 joint statement. P.L.R. 4-3 is silent on whether and how a joint statement may be amended. It also says nothing whatsoever about whether a position taken in a joint statement is binding on the parties' litigation strategies. VSi seems to think that if MicroStrategy is prevented from amending the joint statement, it will be barred from arguing that the construction of "disparate [] databases" is case dispositive. Yet VSi offers no support for the notion that MicroStrategy is prevented from amending the joint statement if it inadvertently misrepresented MicroStrategy's position, or for that matter, from altering its position on the case dispositive nature of "disparate [] databases" in light of the claim construction order. The entire combat regarding the joint statement seems divorced from the purpose of Rule 4-3, to provide the Court with a "heads-up" on the critical terms to be construed and which of those terms may carry particular import. To translate that useful device into a game of gotcha whereby ultimately the Court itself could be precluded from considering a potentially case dispositive issue due to a party's error in formulating the statement is to wreak havoc on the very purpose of the Rule. The motion to strike is denied.

II.   MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS

VSi separately moves to amend its P.L.R. 3-1 infringement contentions. A party alleging patent infringement must serve infringement contentions in order to identify early in the case "[e]ach claim of each patent in suit that is allegedly infringed by each opposing party" and "[s]eparately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible." P.L.R. 3-1(a),(b). The infringement contentions must also contain a claim chart "identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality." P.L.R. 3-1(c). VSi served its initial infringement contentions on February 1, 2012.

VSi asserts that it made a good faith effort in drafting its initial infringement contentions to accuse the entire MicroStrategy 9 (MS9) suite of products of infringement, including all 20 suite components. Consistent with this position, VSi's infringement contentions state that "the Accused Instrumentalities include at least MicroStrategy 9" and list each of the twenty products that comprise MS9. VSi's claim chart, however, includes information on only six products. As noted above, P.L.R. 3-1(c) requires every product accused of infringement to be included in a party's claim chart. On April 30, 2012, MicroStrategy sent a letter to VSi, informing them that although VSi's contentions identify twenty MicroStrategy products as allegedly infringing, their claim charts "fail to identify where the elements of each asserted claim are found within these products, as required by the patent local rules." Accordingly, MicroStrategy took the position that it would not consider the fourteen products absent from the claim charts to have been accused of infringing. VSi did not move to amend its infringement contentions at that time.

Later, VSi moved to compel discovery relating to damages from all twenty products. The motion was denied by the assigned Magistrate Judge on the basis that "VSI's infringement contentions accuse only six of the twenty subproducts," and therefore "VSi is entitled only to revenue information cabined to these six subproducts." VSi sought relief from the Magistrate Judge's order denying its motion to compel. In denying such relief, the Court noted that "[VSi] appears to concede . . . that only six of twenty MicroStrategy 9 components were identified in its claim charts."

In response to that order, VSi moves to amend its infringement contentions. In contrast to P.L.R. 4-3 joint statements, there is an established legal standard for when amendments to P.L.R. 3-1infringement contentions may be made. P.L.R. 3-6 clarifies that "[a]mendment of Infringement Contentions . . . may be made only by order of the Court upon a timely showing of good cause." "Unlike the liberal policy for amending pleadings, the philosophy behind amending claim charts is decidedly conservative and designed to prevent the 'shifting sands' approach to claim construction." *See Acer, Inc. v. Tech. Properties, Ltd.*, No. 08-0877, 2010 WL 3618687, at *4 (N.D. Cal. Sept. 10, 2012) (denying leave to amend infringement contentions). Good cause requires the party seeking leave to amend to establish that they have been diligent; in determining diligence, the relevant

question is when the moving party could have learned an amendment was necessary, not when they actually did. *See Google, Inc. v. Netlist, Inc.*, Nos. 08-4144, 09-5718, 2010 WL 1838693, at *2 (N.D. Cal. May 5, 2010) (denying leave to amend infringement contentions). If diligence is established, the next step in the inquiry is to determine whether other parties will be prejudiced by the amendment. *See Acer*, 2010 WL 3618687, at *5.

VSi maintains that it has always accused all 20 components of MS9 because MicroStrategy sells MS9 as an integrated product, even though some customers may not purchase a license to unlock the "MultiSource Option" and access every one. Therefore, VSi's theory is that *all* sales of the MS9 suite infringe, even when some of the software modules are locked or disabled. In support of the validity of that theory, VSi cites *Finjan, Inc. v. Secure Computing Corp.* 626 F.3d 1197 (Fed. Cir. 2010). The order denying relief from the Magistrate Judge's pretrial order denying VSi's motion to compel already addressed this argument, noting that "*Finjan* merely observes, in the course of infringement analysis, that software components could infringe the claims at issue in that case, regardless of whether they were "active" or "enabled" by a customer. *Id.* at 1205 ("it is undisputed that software for performing the claimed functions existed in the products when sold—in the same way that an automobile engine for propulsion exists in a car even when the car is turned off"). *Finjan* says nothing about the necessity of specifically identifying accused products as a procedural matter."

Here, the question is not whether VSi, under *Finjan* could have brought claims for infringement against all 20 components of the MS9 suite. It is whether given that procedurally, under the Local Patent Rules of the Northern District of California, VSi has *not* done so, it may be given leave to amend at this time to bring such a claim. The answer is no.

"The patent local rules were adopted by this district in order to give claim construction charts more 'bite.' The rules are designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *Integrated Circuit Sys., Inc. v. Realtek Semiconductors Co., Ltd.*, 308 F. Supp. 2d 1106, 1107 (N.D. Cal. 2004) (internal citations and quotation marks omitted). Unlike joint statements under P.L.R. 4-3, infringement contentions are binding on the parties' positions throughout the case. There is no

reason why VSi, upon review of the patent local rules, could not have drafted its claim charts in accordance with its theory of liability. Even if VSi had not known that its infringement contentions were incomplete under the local rules when it served them in February, MicroStrategy brought the issue to VSI's attention in April, more than six months before VSi brought this motion to amend.

VSi's motion for leave to amend its infringement contentions is denied because it has failed to demonstrate the diligence required by patent local rule 3-6. The claim construction order has already been issued in this case. Discovery has been conducted, and its scope has been framed by VSi's initial infringement contentions. At this advanced stage in the litigation, allowing VSi to begin anew with amended claim charts accusing fourteen new products would frustrate the purpose of the patent local rules.

### III.  CONCLUSION

VSi's motion to strike MicroStrategy's errata is denied, as is its motion for leave to amend its infringement contentions.

Dated: 11/21/12

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE