CHARLES K. VERHOEVEN (Bar. No. 170151)
charlesverhoeven@quinnemanuel.com
SEAN PAK (Bar No. 219032)
seanpak@quinnemanuel.com
JENNIFER A. KASH (Bar No. 203679)
jenniferkash@quinnemanuel.com
MARY H. MCNEILL (Bar No. 261500)
marymcneill@quinnemanuel.com
HOWARD Y. CHEN (Bar No. 265015)
howardchen@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

*Attorneys for Defendant MicroStrategy Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| VASUDEVAN SOFTWARE, INC., | CASE NO. 11-CV-06637-RS-PSG |
| Plaintiff, | **MICROSTRATEGY INC.'S OPPOSITION TO PLAINTIFF VASUDEVAN SOFTWARE, INC.'S MOTION FOR SANCTIONS** |
| v. | |
| MICROSTRATEGY INC., | Date: January 24, 2013 |
| Defendant. | Time: 1:30 pm |
| | Courtroom 3, 17th Floor |
| | Judge: Hon. Richard Seeborg |

1

## TABLE OF CONTENTS

2

**Page**

3

4

I.      BACKGROUND ..................................................................................................2

5

II.     VSI'S MOTION MUST BE DENIED BECAUSE MICROSTRATEGY'S
        PETITION IS NOT OBJECTIVELY BASELESS.................................................5

6

7

III.    VSI FAILS TO SUPPORT ITS CLAIM THAT MICROSTRATEGY'S
        REEXAMINATION PETITION IS FOR AN IMPROPER PURPOSE .....................8

8

IV.     THE PROPER FORUM FOR VSI'S ALLEGATIONS IS THE PTO .............................10

9

V.      THE REMEDIES VSI SEEKS ARE IMPROPER .............................................12

10

        A.      The Court Should Not Enjoin MicroStrategy From Petitioning the PTO ..............12

11

        B.      The Court Should Not Give VSI's Unsupported Jury Instruction..........................12

12

        C.      The Court Should Not Order MicroStrategy to Pay Attorneys' Fees.....................13

13

VI.     THE COURT SHOULD AWARD MICROSTRATEGY ITS FEES IN
        RESPONDING TO THIS MOTION ..................................................................15

14

CONCLUSION...................................................................................................15

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

# TABLE OF AUTHORITIES

2

**Page**

3

## Cases

4   *3M Co. v. Kinik Co., No. Civ. 04-123,*
    2004 WL 1328268 (D. Minn. June 15, 2004).......................................................3

5

6   *BE & K Constr. Co. v. NLRB,*
    536 U.S. 516 (2002)..........................................................................................5, 7

7   *B.K.B. v. Maui Police Dept.,*
    276 F.3d 1091 (9th Cir. 2002) ...............................................................................7

8

9   *In re Baker Hughes Inc.,*
    215 F.3d 1297 (Fed. Cir. 2000).............................................................................5

10  *Bill  Johnson's Restaurants, Inc. v. NLRB,*
    461 U.S. 731 (1983)......................................................................................7, 12

11

12  *Bridge C.A.T. Scan Assoc. v. Technicare Corp.,*
    710 F.2d 940 (2d Cir. 1983)...................................................................................6

13  *C 5658,*
    2002 WL 1433717 (N.D. Ill. July 2, 2002) ..........................................................7

14

15  *Cali. Motor Transport Co. v. Trucking Unlimited,*
    404 U.S. 508 (1972) ...............................................................................................5

16  *Edwards v. Marin Park, Inc.,*
    91 F. App'x 14, 16-17 (9th Cir. 2004)..................................................................14

17

18  *Fidelity Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co.,*
    No. 00..........................................................................................................7

19  *Fuoco v. Wells,*
    No. 8:03-cv-161 2005 WL 2317750 (M. D. Fla. Jul. 25, 2005) ...........................7

20

21  *GP Indus., Inc. v. Eran Indus., Inc.,*
    500 F.3d 1369 (Fed. Cir. 2007).........................................................................6, 7

22  *Galanis v. Szulik,*
    841 F. Supp. 2d 456 (D. Mass. 2011) ....................................................................7

23

24  *George v. Indus. Maintenance Corp.,*
    305 F. Supp. 2d 537 (D.V.I. 2002) .........................................................................6

25  *Globetrotter Software, Inc. v. Elan Computer Group, Inc.,*
    362 F.3d 1367 (Fed. Cir. 2004)..............................................................................6

26

27  *Johannson v. Wachovia Mortg., FSB, No. C 11-02822,*
    2012 WL 2793204 (N.D. Cal. July 9, 2012)....................................................13-14

28

*Kelly v. U.S. Bank,*
  No. 08-1421, 2010 WL 2817292 (D. Or. June 25, 2010) ................................................ 15

*iLOR, LLC v. Google, Inc.,*
  631 F.3d 1372 (Fed. Cir. 2011) ...................................................................................... 6

*In re Lonardo,*
  119 F.3d 960 (Fed. Cir. 1997) .................................................................................... 3, 9

*Martin v. Automobili Lamborghini Exclusive, Inc.,*
  307 F.3d 1332 (11th Cir. 2002) ..................................................................................... 7

*Molski v. Mandarin Touch Restaurant,*
  347 F. Supp. 2d 860 (C.D. Cal. 2004) ...................................................................... 7, 12

*Oliveri v. Thompson,*
  803 F.2d 1265 (2d Cir. 1986) ........................................................................................ 7

*Patlex Corp.v. Mossinghoff,*
  771 F.2d 480 (Fed. Cir. 1985) ..................................................................................... 11

*Pony v. County of Los Angeles,*
  433 F.3d 1138 (9th Cir. 2006) ..................................................................................... 14

*Prof'l Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.,*
  508  U.S. 49 (1993) ................................................................................................... 6, 8

*Sosa v. DIRECTV, Inc.,*
  437 F.3d 923 (9th Cir. 2006) ......................................................................................... 6

*In re Swanson,*
  540 F.3d 1368 (Fed. Cir. 2008) ..................................................................................... 9

*United Mine Workers v. Pennington,*
  381 U.S. 657 (1965) ................................................................................................ 5, 14

*United States v. Carmichael,*
  326 F. Supp. 2d 1267 (M.D. Ala. 2004) ......................................................................... 6

*Vitronics Corp. v. Conceptronic, Inc.,*
  36 F. Supp. 2d 440 (D.N.H. 1997) ................................................................................. 9

*Zaldivar v. Los Angeles,*
  780 F.2d 823 (9th Cir. 1986) ......................................................................................... 7

### **Statutes**

35 U.S.C. § 302 ................................................................................................................ 1

35 U.S.C. § 302 & 311(a) ......................................................................................... 3, 9, 11

35 U.S.C. §§ 303(a) & 304 .............................................................................................. 4

37 C.F.R. § 10.20-11.2 .................................................................................................. 11

1   37 C.F.R. § 11.2 ................................................................................................................11

2   37 C.F.R. § 1.913 .................................................................................................................3

3   MPEP § 1.510 .......................................................................................................................9

4   MPEP § 2212 .........................................................................................................................9

5   MPEP § 2240 ..................................................................................................................11, 14

6   MPEP § 2601.01 ...................................................................................................................3

7   MPEP § 2609 ........................................................................................................................3

8

**Other Authorities**

Anne L. St. Martin & Vincent K. Shier, *Singular Reexamination Advances to Favorable Conclusion*, Patents Post-Grant (Dec. 22, 2009) *available at* http://www.patentspostgrant.com/lang/en/2009/12/singulair-reexamination-advances-to-favorable-conclusion ...................................................................................................................10

Dan Goodin, *EFF Wins Request for Reexamination of Ringtone Patent*, The Register (Jan. 7, 2009), *available at* http://www.theregister.co.uk/2009/01/07/eff_challenges_music_patent ...10

Laura Heyne, *The Disciplinary Function of the PTO's Office of General Counsel*, 19 J. Contemp. Legal Issues 65 (2010) .........................................................................................................11

Press Release, *EFF Wins Reexamination of Bogus Patent* (Oct. 23, 2007), *available at* https://www.eff.org/press/archives/2007/10/23. ..................................................................10

Press Release, ZipRealty Deploys MicroStrategy for Sales Reporting and Marketing Analytics, *available at* http://www.microstrategy.com/about-us/press/release/?ctry=167&id=1331 ........10

1    VSI refuses to focus on the merits of this case.  In September, the Court ruled against VSI

2  on key claim construction disputes, including the phrase "disparate databases."  Dkt. 97.  Instead

3  of squarely addressing the negative substantive impact this ruling had on its case, VSI is

4  attempting to divert the Court's and the parties' attention and resources through sideshow motion

5  practice.  First, VSI moved for sanctions and to strike portions of an errata to the parties' joint

6  claim construction statement in an effort to preclude MicroStrategy from seeking summary

7  judgment on the dispositive term.  Dkt. 114.  This Court denied VSI's first motion for sanctions on

8  the papers because "VSI [] failed to comply with the dictates of [rules] that govern motions for

9  sanctions.  Dkt. 135 (finding "in light of these procedural deficiencies, VSI's motion is denied to

10  the extent it seeks sanctions against MicroStrategy").  The Court also denied VSI's underlying

11  motion, which it found "violated the rules of the Court" (11/15/12 Tr. at 11) and characterized as

12  an attempt at "a game of gotcha" that sought to "preclude [it] from considering a potentially case

13  dispositive issue" Dkt. 141 at 4; *see* Declaration of Mary McNeill in Support of Opposition to

14  VSI's Motion for Sanctions ("McNeill Decl."), Ex. A.  Further, as an end run around Judge

15  Grewal's prior rulings denying discovery on non-accused products and in an effort to salvage its

16  infringement claim, VSI unsuccessfully sought to add fourteen more products to this case by filing

17  an unsupportable motion to amend its infringement contentions.  *See* Dkt. 141.  In denying this

18  motion, the Court stated that VSI had "failed to demonstrate the diligence required by patent local

19  rule 3-6" and its motion would "frustrate the purpose of the patent local rules."  *Id.* at 7.

20  Moreover, to date, VSI has filed four other discovery motions, prompting Judge Grewal to

21  chastise VSI for "tak[ing] these extreme positions" (11/13/12 Tr. at 26) and note that "the meet

22  and confer process has not gone well."  Dkt. 137 at 3; *see* McNeill Decl., Ex. B.  VSI has not been

23  successful with these distracting motions, and its latest is once again a meritless diversion, this

24  time premised on the filing of a petition for reexamination of a patent owned by third party Zillow.

25    This motion, like VSI's last sanctions request, should be denied because it rests on the

26  bizarre and novel proposition that a party may be sanctioned for filing a petition for patent

27  reexamination.  That is false.  Contrary to VSI's bluster, the reexamination statute provides that

28  "[a]ny person at any time may file a request for reexamination."  35 U.S.C. § 302.  Indeed, the

public interest in patent quality by itself justifies submission of prior art to the Patent and Trademark Office ("PTO") for consideration, and VSI cites no cases ever sanctioning such conduct.  VSI likewise fails to cite any authority demonstrating it even has standing to seeks attorneys' fees on a third party's behalf.

VSI's motion further runs afoul of the petitioning clause of the First Amendment.  Under numerous Supreme Court decisions, petitioning administrative agencies like the Patent Office is protected unless the petition is objectively baseless.  VSI has made no effort to demonstrate that the challenged reexamination petition is anything but meritorious.  The Court should therefore reject VSI's invitation to make new law contrary to binding precedent.

Further, MicroStrategy's lawful conduct at the PTO and the dispute presently pending before this Court are two entirely separate proceedings.  The only evidence VSI offers to imply a connection between them are statements made in the context of settlement discussions that do not mention Zillow, its patent, the filing of petitions to reexamine third-party patents, or suggest improper conduct of any kind.  Some greater link is required to turn constitutionally-protected petitioning into sanctionable conduct to the advantage of an unrelated party in an unrelated matter.

## I.    **BACKGROUND**

MicroStrategy is a business intelligence software vendor.  That software allows people to analyze large amounts of data to improve business decisions.  It has provided business intelligence software to a variety of clients, including clients in the real estate and mortgage industries.[1]

VSI filed suit against MicroStrategy on December 22, 2011, alleging infringement of four patents.  Despite the motion tactics of VSI, the parties have, throughout, attempted to amicably resolve this case.  To that end, counsel for MicroStrategy and VSI met on September 10, 2012, to

---

[1]   Press Release, RE/MAX Selects MicroStrategy as its Global Business Intelligence Standard, *available at* http://www.microstrategy.com/about-us/press/release/?ctry=167&id=2470; Press Release, ZipRealty Deploys MicroStrategy for Sales Reporting and Marketing Analytics, *available at* http://www.microstrategy.com/about-us/press/release/?ctry=167&id=1331; Press Release, Providing Extranet Reporting to 30,000+ Escrow Officers, Real Estate Agents, and Mortgage Brokers, *available at* http://www.microstrategy.com/about-us/customers/success-story/index.asp?id=327.

1  discuss settlement.  The parties were not, however, able to reach a resolution, and MicroStrategy

2  subsequently petitioned the PTO to reexamine VSI's asserted patents on September 14, 2012.

3  Dkt. 145-5; 145-6; 145-7; 145-8.

4          Following the filing of MicroStrategy's petition, VSI moved for Rule 11 sanctions against

5  MicroStrategy based on a claim construction filing.  Dkt. 114.  The Court denied the motion in its

6  entirety—including denying VSI's request for sanctions against MicroStrategy without oral

7  argument because of its "procedural deficiencies."  *See* Dkt. 135 & 141.  The Court also

8  specifically noted that VSI's motion was premised on the assumption that if it successfully struck

9  MicroStrategy's claim construction filing, MicroStrategy would be precluded from arguing non-

10 infringement based on a key claim term.  Dkt. 141 at 4.  That position, the Court noted, was

11 unsupported, "divorced from the purpose of" the Local Patent Rules, and an attempt at a "game of

12 gotcha."  Dkt. 141 at 4.

13         On October 26, 2012, shortly before the Court denied VSI's sanctions motion,

14 MicroStrategy petitioned the PTO to reexamine a patent owned by third-party Zillow, Inc.  *See*

15 Dkt. 135, Dkt. 145-9.  The Zillow patent relates to computerized methods for valuing real estate.

16 Dkt. 145-10.  Although the Zillow patent is not presently being asserted against MicroStrategy, the

17 patent reexamination statute and regulations notably do not have a standing requirement.  *In re*

18 *Lonardo*, 119 F.3d 960, 966 (Fed. Cir. 1997) ("Any person at any time may file a request for

19 reexamination…").  They permit any third party to request *inter partes* reexamination of any

20 patent filed after November 29, 1999.  35 U.S.C. § 302 & 311(a); MPEP 2609; 37 CFR § 1.913.

21 MicroStrategy's petition remains pending in the PTO and, until it is granted, requires no response

22 or incursion of any expense on Zillow's part.  *See* MPEP 2601.01.  The Zillow patent also remains

23 enforceable until the reexamination concludes.  *See 3M Co. v. Kinik Co*., No. Civ. 04-123, 2004

24 WL 1328268, at *5 (D. Minn. June 15, 2004) (patents are enforceable during pendency of

25 reexamination).[2]

26 _____

27    [2]  VSI also attaches as exhibits petitions that MicroStrategy filed for reexamination of the
   patents in suit.  VSI does not contend that the filing of these asserted patents was improper.
28

1  The first time VSI even mentioned the Zillow reexam was during a scheduling conference
2  with this Court on November 1, 2012. As stated by counsel for MicroStrategy during that call, it
3  had no idea what Plaintiff's counsel was even referring to. *See* Declaration of Jennifer Kash in
4  Support of Opposition to VSI's Motion for Sanctions ("Kash Decl."), ¶ 2. Counsel for VSI did
5  not contact counsel for MicroStrategy at any time thereafter, despite frequent contact on actual
6  case related topics. Kash Decl., ¶ 3. Then, on November 20, 2012, only a week after this Court
7  denied VSI's first motion for sanctions (Dkt. 141), VSI sent MicroStrategy a draft of its current
8  motion for sanctions. Dkt. 145-4; *see also* Kash Decl., ¶¶ 3-4, Ex. E. In a cover letter, counsel for
9  VSI threatened that if MicroStrategy did not stipulate to, among other things, payment of
10 attorneys' fees and an adverse jury instruction, VSI would file the motion on December 11, 2012.
11 Dkt. 145-4. At no point did VSI ask for a meet and confer on the topic. Kash Decl., ¶¶ 3-4, Ex. E.
12 MicroStrategy did not agree that filing meritorious petitions for reexamination is sanctionable.
13 VSI then filed this motion on December 12, 2012.

14                                    **Argument**

15 VSI's motion is unprecedented. VSI contends that truthful petitioning of a federal agency
16 for redress—in this case, the PTO—can be sanctioned regardless of the merits of that petition.
17 That position has been squarely rejected by the Supreme Court. Yet VSI does not even attempt to
18 argue that MicroStrategy's reexamination petition is anything but meritorious or that the Zillow
19 patent is not invalid in light of the prior art cited by MicroStrategy. VSI motion is therefore
20 contrary to law.

21 VSI asks the Court to ignore the PTO's mechanisms for regulating the filing of
22 reexamination petitions. The PTO has its own disciplinary procedures and may discipline patent
23 agents and attorneys that it finds file baseless or improper reexamination requests. If VSI has
24 actual concerns regarding MicroStrategy's filing, it may seek redress with the PTO. Further, a
25 PTO officer must determine that each and every reexamination petition raises a substantial new
26 question of patentability before the patentee is required to respond or incur any expense, thereby
27 adding an additional layer of protection against any improper filings. 35 U.S.C. §§ 303(a) & 304.

28

1  The Court should decline VSI's invitation to circumvent the proper agency procedures for

2  regulating the conduct of patent reexaminations.

3        VSI also ignores MicroStategy's and the public's interest in a proper determination of the

4  validity of the Zillow patent.  As the Federal Circuit has explained, "the public interest lies in

5  having valid patents upheld and invalid patents rendered invalid, and hence patents should be

6  reexamined when a substantial question of patentability is raised."  *In re Baker Hughes Inc.*, 215

7  F.3d 1297, 1302 (Fed. Cir. 2000).  The filing of a meritorious petition for reexamination is

8  therefore in the public interest and not for an improper purpose.

9        Finally, the remedies VSI seeks are wholly unsupported, contrary to law, and in violation

10  of this Court's Local Rules.  VSI has not satisfied any of the requirements for seeking attorneys'

11  fees, has not shown it has standing to seek remedies on behalf of Zillow, and cites no applicable

12  authority awarding the type of sanctions it requests.  For these reasons, VSI's motion should be

13  denied.

14  II.    **VSI'S MOTION MUST BE DENIED BECAUSE MICROSTRATEGY'S PETITION**
        **IS NOT OBJECTIVELY BASELESS**

15

16        VSI fails to even articulate or apply the appropriate legal standard.  The petitioning of

17  federal agencies is protected under the First Amendment, regardless of motive or intent, unless the

18  petitioning activity is objectively baseless.  VSI does not attempt to argue—and therefore

19  apparently concedes—that MicroStrategy's reexamination petition is not baseless.  Its motion

20  should therefore be denied.

21        The Supreme Court has held on numerous occasions that, under the *Noerr-Pennington*

22  doctrine, the First Amendment protects the right to petition all branches of the government,

23  including the federal courts and agencies.[3]  Although the *Noerr-Pennington* doctrine originated as

24  _____

25        [3]  *BE & K Constr. Co. v. NLRB*, 536 U.S. 516, 525-26 (2002) (petitioning of NLRB protected
        by First Amendment regardless of intent or purpose unless objectively baseless); *Cali. Motor*

26  *Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972) (First Amendment right to petition
        extends to administrative agencies); *United Mine Workers v. Pennington*, 381 U.S. 657 (1965)

27  (extending protection to lobbying activities directed toward executive branch officials).

28

1   a bar to claims under the antitrust laws, the Supreme Court, Federal Circuit, and Ninth Circuit

2   have extended it beyond that context.  *See Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 929-32 (9th Cir.

3   2006) ("Recognizing the constitutional foundation of the doctrine, the Supreme Court has applied

4   *Noerr-Pennington* principles outside the antitrust field.").  The Federal Circuit has, for example,

5   extended the doctrine to limit a court's ability to award attorneys' fees for filing a lawsuit in bad

6   faith.  *iLOR, LLC v. Google, Inc.*, 631 F.3d 1372, 1376-77 (Fed. Cir. 2011).  Even a court's

7   inherent power, including the power to sanction, is subject to the limitations imposed by the First

8   Amendment.[4]

9        As a result of this First Amendment protection, petitioning activity cannot be sanctioned or

10   subject to liability unless the petition is objectively baseless, regardless of any allegedly improper

11   subjective motivation.  *See, e.g. id.* (in light of First Amendment, court may award attorneys fees

12   under exceptional case statute, absent misconduct, only if litigation is objectively baseless);

13   *Globetrotter Software, Inc. v. Elan Computer Group, Inc.,* 362 F.3d 1367, 1375 (Fed. Cir. 2004)

14   (holding that First Amendment "protects the right to petition the government" and "bad faith is not

15   supported when the information is objectively accurate").[5]  A petition is objectively baseless for

16   purposes of the First Amendment only when "no reasonable litigant could realistically expect

17   success on the merits."  *Prof'l Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.*, 508

18   

---

19       [4]  *See Bridge C.A.T. Scan Assoc. v. Technicare Corp.*, 710 F.2d 940, 945-46 (2d Cir. 1983)
20   (holding that the inherent power to prohibit abuse of judicial process is limited by First
     Amendment); *United States v. Carmichael*, 326 F. Supp. 2d 1267, 1274, 1277-80 (M.D. Ala.
21   2004) (holding that the "inherent authority to control actions of parties, attorneys, and witnesses
     that impact proceedings before the Court" limited by First Amendment); *George v. Indus.*
22   *Maintenance Corp.*, 305 F. Supp. 2d 537, 538 (D.V.I. 2002) (holding that inherent power to
     regulate use of evidence wrongfully obtained is limited by First Amendment).
23
         [5]  First Amendment protection also extends to pre-petitioning communications related to the
24   subsequent petition.  *See GP Indus., Inc. v. Eran Indus., Inc.*, 500 F.3d 1369, 1374-77 (Fed. Cir.
     2007) (letters threatening litigation subject to liability only if objectively baseless); *Sosa v.*
25   *DIRECTV, Inc.*, 437 F.3d 923, 934-35 (9th Cir. 2006) ("[C]ommunications between private parties
     are sufficiently within the protection of the Petition Clause to trigger the *Noerr-Pennington*
26   doctrine, so long as they are sufficiently related to petitioning activity.").  Therefore, even alleged
     threats to file a petition for reexamination cannot be sanctioned unless the petition is objectively
27   baseless.

28

U.S. 49, 60 (1993).  *See also GP Indus.*, 500 F.3d at 1374 ("We have recently determined that a bad faith standard cannot be satisfied in the absence of a showing that the claims asserted were objectively baseless."); *Zaldivar v. Los Angeles*, 780 F.2d 823, 832 (9th Cir. 1986) (filing of complaint cannot be sanctioned if not objectively baseless, even if filed with improper motive). Indeed, none of the cases cited by VSI impose sanctions for petitioning a government agency where that petitioning activity was not objectively baseless.[6]

     *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091 (9th Cir. 2002), cited by VSI, is not to the contrary.  VSI cites *B.K.B.* for the proposition that filing a lawsuit is sanctionable if "motivated by vindictiveness, obduracy, or mala fides."  *Id*. at 1108.  This was, however, dicta because *B.K.B.* did not concern an award of sanctions for filing of lawsuit or other First Amendment petitioning activity.  In *B.K.B.*, the district court sanctioned the defendant for introducing improper evidence of the plaintiff's sexual history and making misleading statements to the court.  *Id*. at 1106. *B.K.B.* therefore did not address the First Amendment limitations on the district court's inherent powers.  Further, to the extent VSI argues that *B.K.B.* stands for the proposition that petitioning activity need not be objectively baseless to be sanctionable if the petition was for an improper purpose, that position is contrary to numerous Supreme Court decisions.  *See BE & K Constr.*, 536 U.S. at 534-36 (lost or withdrawn suit may not be found to violate the National Labor Relations Act consistent with the First Amendment, even if retaliatory, unless objectively baseless); *Bill*

---

    [6]  None of the cases cited by VSI involve conduct remotely comparable to filing an objectively reasonable petition for patent reexamination, and to the extent they did, they would be contrary to Supreme Court precedent.  *See, e.g.*, *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1336 n.2 (11th Cir. 2002) (misleading court about real party in interest, engaging in discovery abuse, filing documents with forged signatures, and extorting settlements for cases without any intent of filing suit); *Oliveri v. Thompson*, 803 F.2d 1265, 1272 (2d Cir. 1986) (sanctions are only appropriate if the claims were "entirely without color"); *Galanis v. Szulik*, 841 F. Supp. 2d 456 (D. Mass. 2011) (filing of frivolous lawsuit); *Fuoco v. Wells*, No. 8:03-cv-161 2005 WL 2317750, at *1 (M. D. Fla. Jul. 25, 2005) (filing false affidavit and criminal extortion); *Molski v. Mandarin Touch Restaurant*, 347 F. Supp. 2d 860, 865 (C.D. Cal. 2004) (serial vexatious litigant who filed complaints that were contrived and not credible); *Fidelity Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co.* No. 00 C 5658, 2002 WL 1433717, at *13 (N.D. Ill. July 2, 2002) (sending anonymous threatening letters, lying under oath, causing attorney to make false statements to the court, and improperly influencing witness testimony).

*Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 733-37 (1983) (filing of well-founded lawsuit may not be enjoined, consistent with the First Amendment, even if retaliatory).

VSI has made no effort to satisfy the "objectively baseless" standard. VSI does not contend that the Zillow patent is not invalid, and it does not argue that the prior art cited by MicroStrategy in the reexamination petition does not raise a substantial question of patentability. Nor could it. The petition contains nearly sixty pages of detailed claim charts and explanation of the invalidity of Zillow's patent based on prior art that was not previously considered by the patent examiner. Dkt. 145-9. In particular, during prosecution of the Zillow patent, the examiner stated that he allowed the patent to issue because the known prior art failed "to disclose applying a valuation model to attributes of a subject home as updated in accordance with *input from the home's owner* to obtain a valuation for the subject home as is recited by each of the independent claims." Dkt. 145-9 at 6 (emphasis in original). The petition cites prior art that discloses this limitation. Dkt. 145-9 at 7. VSI therefore does not and cannot contend that MicroStrategy's petition is objectively baseless.

Because VSI has not submitted evidence or even argued that MicroStrategy's petition is objectively baseless, it urges the Court to adopt the legally untenable position that First Amendment protected petitioning activity can be sanctioned even where fully truthful and meritorious. The Court should not accept this clearly erroneous suggestion.

III. **<u>VSI FAILS TO SUPPORT ITS CLAIM THAT MICROSTRATEGY'S REEXAMINATION PETITION IS FOR AN IMPROPER PURPOSE</u>**

Under binding Supreme Court precedent, MicroStrategy's subjective motivation for filing a reexamination petition is irrelevant so long as that petition is not objectively baseless. *Prof'l Real Estate Investors*, 508 U.S. at 60-61. Nevertheless, VSI has presented no evidence of an improper purpose.

The only evidence that VSI offers that MicroStrategy filed a petition for reexamination for an alleged "improper purpose" are typical statements made during settlement negotiations that make no mention of any reexamination of Zillow or the Zillow patent. As is common in any settlement negotiation, all participants made posturing comments about how the case would be

1    strenuously litigated.  First, according to VSI, MicroStrategy stated that it would make the

2    litigation "painful as possible for *VSI*," not Zillow (emphasis added).  Second, VSI claims that

3    MicroStrategy stated it would file petitions to reexamine *VSI's* asserted patents.  Even VSI does

4    not contend that it is improper to petition for reexamination of the patents-in-suit.  Finally, VSI

5    argues that MicroStrategy stated it was considering "action against Susman Godfrey."  Moving Br.

6    at 4.  But MicroStrategy has already stated in its answer and elsewhere that it intends to seek

7    attorneys' fees from VSI and its counsel for filing this baseless action and subjecting it to bad faith

8    motion practice.  *See* Dkt. 50 at 36.  VSI therefore hangs its entire motion on entirely proper

9    statements made under the confidentiality of settlement negotiations (which confidentiality VSI

10   has blithely violated by this motion).  A greater showing of a nexus than this must be required to

11   sanction constitutionally protected petitioning activity.

12          More importantly, there is simply no requirement that MicroStrategy show "standing" or a

13   business interest in the Zillow patent to seek reexamination.  *See Lonardo*, 119 F.3d at 966.  The

14   law is clear that a patent reexamination may be requested by anyone at any time, including

15   competitors, non-profits, and individuals.  *See id.*; 35 U.S.C. § 302 & 311(a); and MPEP § 1.510.

16   "The requesting party need not have standing or a special interest in the patent's validity, and may

17   even make the request for [ex parte] reexamination anonymously."  *Vitronics Corp. v.*

18   *Conceptronic, Inc.*, 36 F. Supp. 2d 440, 441 (D.N.H. 1997).  The Manual of Patent Examining

19   Procedure provides "there are no persons who are excluded from being able to seek

20   reexamination."  MPEP § 2212.  An attorney may even request reexamination without identifying

21   "their real client in interest."  *Id*.

22          The law does not impose any standing requirement for reexaminations because patent

23   quality is in each member of the public's interest.  "Congress intended reexaminations to provide

24   an important 'quality check' on patents that would allow the government to remove defective and

25   erroneously granted patents."  *In re Swanson*, 540 F.3d 1368, 1375 (Fed. Cir. 2008).

26   Reexaminations are therefore routinely sought by non-profit groups and companies that are under

27

28

1  no threat of patent infringement litigation.  For example, reexaminations sought by non-profits like

2  the Electronic Frontier Foundation are common.[7]  For-profit companies, such as the prior art

3  search firm Article One Partners, have also filed petitions for reexamination of patents unrelated to

4  their business.[8]  It is therefore absurd to argue that MicroStrategy is barred from seeking

5  reexamination of any patent owned by a client of Susman Godfrey simply because Susman

6  represents VSI.[9]

7  IV.    **THE PROPER FORUM FOR VSI'S ALLEGATIONS IS THE PTO**

8      The appropriate place to raise any challenges to the propriety of a reexamination petition is

9  in the PTO, not a district court where the patent in question is not even being litigated.  The PTO

10  contains numerous safeguards to prevent and means for redressing allegedly improper

11  reexamination petitions.  First, if any attorney has filed an improper petition for reexamination, he

12  or she may be subjected to discipline by the PTO's Office of Enrollment and Discipline.  The PTO

13  has its own detailed code of professional responsibility that the Office is charged with enforcing.

---

15      [7]  *See, e.g.*, Dan Goodin, *EFF Wins Request for Reexamination of Ringtone Patent*, The

16  Register (Jan. 7, 2009), *available at*
http://www.theregister.co.uk/2009/01/07/eff_challenges_music_patent; Press Release, *EFF Wins*

17  *Reexamination of Bogus Patent* (Oct. 23, 2007), *available at*
https://www.eff.org/press/archives/2007/10/23.

18

19      [8]  *See* Anne L. St. Martin & Vincent K. Shier, *Singular Reexamination Advances to Favorable*
*Conclusion*, Patents Post-Grant (Dec. 22, 2009) (reporting that reexamination of U.S. Patent No.

20  5,565,473 for an asthma medication was filed by patent prior art search firm Article One),
*available at* http://www.patentspostgrant.com/lang/en/2009/12/singulair-reexamination-advances-

21  to-favorable-conclusion.

22      [9]  MicroStrategy's software is, in any event, used by companies in the real estate industry, the
same field as the Zillow patent.  Press Release, RE/MAX Selects MicroStrategy as its Global

23  Business Intelligence Standard, *available at* http://www.microstrategy.com/about-
us/press/release/?ctry=167&id=2470; Press Release, ZipRealty Deploys MicroStrategy for Sales

24  Reporting and Marketing Analytics, *available at* http://www.microstrategy.com/about-
us/press/release/?ctry=167&id=1331; Press Release, Providing Extranet Reporting to 30,000+

25  Escrow Officers, Real Estate Agents, and Mortgage Brokers, *available at*

26  http://www.microstrategy.com/about-us/customers/success-story/index.asp?id=327.  Furthermore,
this Court is not well-situated to adjudicate MicroStrategy's interest in the Zillow patent, which

27  would require the parties to engage in an entire satellite litigation concerning a patent that is not
even before this Court.

28

37 C.F.R. § 10.20-11.2.  For example, the Director of the Office of Enrollment and Discipline is charged with investigating "matters involving possible grounds for discipline of practitioners."  37 C.F.R. § 11.2; *see generally* Laura Heyne, *The Disciplinary Function of the PTO's Office of General Counsel*, 19 J. Contemp. Legal Issues 65 (2010).  Zillow is free to file a complaint with the Director of the Office of Enrollment and Discipline.

Second, Zillow is protected by the fact that it need not take action in response to a petition for reexamination unless the PTO independently finds that the petition raises a substantial new question of patentability.  MPEP § 2240.  This protects patentees from vexatious or harassing reexaminations.  *Patlex Corp. v. Mossinghoff*, 771 F.2d 480, 486 (Fed. Cir. 1985) ("The substantial new question of patentability requirement protects patentees from having to respond to, or participate in unjustified reexaminations") (quoting H.R. Rep. No. 1307 (part I), 96th Cong., 2d Sess. 7 (1980)); MPEP § 2240.  The PTO has itself held that when it finds that a reexamination petition raises a substantial new question of patentability, a finding of "harassment" is precluded.[10]  Further, if the petition does not raise a substantial question of patentability, then the reexamination will not occur, and Zillow will not be called upon to file anything with the PTO or incur any expense.

Finally, Zillow is free to raise the issue of alleged harassment to the PTO in response to any office action during the reexamination.  *See* 12/16/09 Reexamination Decision at 9-11 in 95/000470, (addressing allegations of harassment in context of ruling on petition for reexamination) attached to McNeill Decl. as Ex. D.  The PTO therefore has numerous means to regulate the filing and conduct of patent reexaminations, and this Court should not interpose itself as an enforcer of the PTO's ethical rules.

---

[10]   *See, e.g.,* Inter Partes Reexamination 95/000470 (June 22, 2010 Petition Decision, at 4) ("[P]atent owner produced no evidence that the requester's second, subsequent request for reexamination was filed with an 'intent to harass' and the finding of a substantial new question of patentability precluded a finding of harassment. . . . 35 U.S.C. § 302 permits any member of the public the right to file a request for ex parte reexamination on an issued patent."), attached to McNeill Decl. as Ex. C.

V.      **THE REMEDIES VSI SEEKS ARE IMPROPER**

VSI's proposed remedies are improper.  It fails to support them with any relevant authority, to comply with the Court's rules for attorneys' fee motions, or to explain how it has standing to seek attorneys' fees on behalf of third-party Zillow, and further, it seeks to improperly enjoin First Amendment protected petitioning activity.  VSI has also once again failed to comply with the Court's procedural requirements for requesting sanctions and attorneys' fees.  *See* Local Rules 37(1)(a) and 54-5(b) (requiring counsel to meet and confer for the purpose of attempting to resolve the disputed issues); *see also* Dkt. 135.  VSI's motion should therefore be denied.

A.      **The Court Should Not Enjoin MicroStrategy From Petitioning the PTO**

VSI asks the Court to order MicroStrategy to file a statement in the PTO stating that the Court has found that MicroStrategy filed the reexamination petition in bad faith and to require MicroStrategy to cease participating in the reexamination.  Moving Br. at 14.  Not surprisingly, VSI cites no authority (and MicroStrategy is aware of none) where a Court has ever enjoined participation in a patent reexamination.  This is no doubt because, as described above, participating in an objectively reasonable reexamination proceeding cannot be enjoined consistent with the First Amendment.  *Bill Johnson's Restaurants*, 461 U.S. at 733-37 (filing of well-founded lawsuit, protected by the First Amendment, may not be enjoined even if retaliatory).

The only case that VSI does cite, *Molski v. Mandarin Touch Restaurant*, 347 F. Supp. 2d 860, 865 (C.D. Cal. 2004), involves radically different facts.  Mr. Molski, a notorious vexatious litigant, filed hundreds of essentially identical lawsuits against different defendants alleging essentially identical facts and personal injuries.  *Id*. at 861-62.  The court found that these lawsuits were a "sham."  *Id*. at 867.  That is far removed from filing an objectively reasonable petition for patent reexamination.  Further, even Mr. Molski was not enjoined from participating in any proceeding (as VSI requests), but instead simply required to seek leave from the court before filing a new complaint.  *Id*. at 868.  This is not remotely the remedy that VSI has requested.

B.      **The Court Should Not Give VSI's Unsupported Jury Instruction**

VSI also seeks an order from this Court issuing an adverse jury instruction stating that MicroStrategy has taken actions "to harm VSI's counsel for the purpose of intimidating and

coercing VSI into dismissing its claims" and vaguely that MicroStrategy "us[ed] its resources to interfere with VSI's counsels business and client relationships in a case that was totally unrelated to this one," among other prejudicial statements.  Moving Br. at 14.  VSI offers no authority for its proposed instruction and does not explain to the jury what the improper actions were, what a reexamination is, or who Zillow is.  What is the jury to infer from this vague instruction?  VSI offers no explanation.  Should such an instruction be given, MicroStrategy would be entitled to introduce evidence of what actions it allegedly took to "interfere" with Susman's business, what a patent reexamination is, who Zillow is, and the relationship between the Zillow patent and MicroStrategy's business interests.  VSI's proposed remedy would therefore multiply the complexity of the trial and be needlessly confusing.  Further, as described above, there is no evidence that the Zillow reexamination was filed "for the purpose of intimidating and coercing VSI into dismissing its claims," as VSI would have the Court instruct.  Moving Br. at 14.

C.     **The Court Should Not Order MicroStrategy to Pay Attorneys' Fees**

VSI asks the Court to order MicroStrategy to pay the attorneys' fees incurred by Zillow in defending the validity of its patent and the attorneys' fees that VSI incurred in preparing this motion.  Both requests are baseless and fail to comply with the Local Rules.  *See* Local Rules 37(1)(a) and 54-5(b).

As an initial matter, VSI's motion does not even attempt to comply with Civil Local Rules 37 and 54-5(b), which govern requests for attorneys' fees.  VSI's motion violates these rules on at least three separate grounds.  *First*, Local Rules 37(a)(1) and 54-5(b)(1) require a meet and confer "declaration or affidavit" to be filed with any motion for fees.  *Johannson v. Wachovia Mortg., FSB*, No. C 11-02822, 2012 WL 2793204, at *1 (N.D. Cal. July 9, 2012) (denying motion for fees for failure to provide attorney declaration or affidavit).  Although VSI filed attorney declarations describing what it contends is MicroStrategy's sanctionable conduct, none of them address the

1  requirements of the Local Rules.[11]  *Second*, Local Rule 54-5(b)(2) requires that the motion contain

2  a "statement of the services rendered by each person for whose services fees are claimed together

3  with a summary of the time spent by each person, and a statement describing the manner in which

4  time records were maintained."  VSI's motion contains no such statement.  *Third*, Local Rule 54-

5  5(b)(3) requires a "brief description of relevant qualifications and experience and a statement of

6  the customary hourly charges of each such person or of comparable prevailing hourly rates or

7  other indication of value of the service.  Again, VSI's motion does not contain this required

8  description.  VSI's motion contains neither, and its request for fees is appropriately denied on that

9  basis.  *Edwards v. Marin Park, Inc.*, 91 F. App'x 14, 16-17 (9th Cir. 2004) (affirming denial of

10  motion for fees due to violation of Civil Local Rule 54-5); *Johannson*, 2012 WL 2793204.

11      Even had VSI attempted to comply with the procedural requirements of the Local Rules,

12  its fee requests is substantively improper.  VSI's demand that MicroStrategy pay Zillow's future

13  attorneys' fees that Zillow may incur in responding to a rejection of its patent by the PTO is

14  contrary to well-established law, which holds that damages flowing from an official government

15  decision are not a permissible remedy.  *Pennington*, 381 U.S. at 670-71 (damages that result from

16  official government action taken as a result of lobbying activities directed toward executive branch

17  officials not a permissible remedy consistent with the First Amendment).  Zillow is not required to

18  take action or otherwise incur attorneys' fees in response to MicroStrategy's petition for

19  reexamination unless the PTO independently finds that the petition raises a substantial new

20  question of patentability.  MPEP § 2240.  Therefore, any attorneys' fees that Zillow may incur

21  from the reexamination of its patent will flow from the Patent Office's decision to grant the

22  reexamination request, an official executive branch decision.

23      Moreover, VSI cites no authority that it even has standing to seek attorneys' fees on

24  Zillow's behalf.  *See Pony v. County of Los Angeles*, 433 F.3d 1138, 1142 (9th Cir. 2006) (movant

25

26  [11]  The only meet and confer the motion mentions is the sending of a single email to

27  MicroStrategy's counsel, which never requested a meet and confer.  Moving Br. at 3, n.3; Kash Decl. ¶3-4, Ex. E.

28

1  must have standing to seek attorney's fees).  Zillow is not a party to this case, has not sought

2  sanctions, and has not moved to intervene.  This simply confirms that any remedy for alleged

3  misconduct should be sought by Zillow in the PTO.

4          VSI's request that MicroStrategy pay fees in connection with the preparation of this

5  motion is also entirely unsupported.  The only case VSI cites is *Kelly v. U.S. Bank*, No. 08-1421,

6  2010 WL 2817292 (D. Or. June 25, 2010), which involved radically different facts.  In *Kelly*, the

7  plaintiff was sanctioned for repeatedly violating court orders not to contact the defendant's

8  employees.  *Id*. at *1.  MicroStrategy has violated no court order and has, at a minimum, good

9  faith arguments demonstrating its conduct is proper and not sanctionable.  *Cf. id.*

10  VI.     **THE COURT SHOULD AWARD MICROSTRATEGY ITS FEES IN
         RESPONDING TO THIS MOTION**

11

12          VSI's motion does not even attempt to satisfy the governing "objectively baseless" legal

13  standard for imposing sanctions for First Amendment protected petitioning activity.  Its motion is

14  therefore completely and utterly without merit.  The court may award fees under 28 U.S.C. section

15  1927 when a litigant unreasonably and vexatiously multiplies the proceedings.  Because VSI fails

16  to even address the governing standard in its motion, this standard is satisfied.  Documentation

17  supporting this request for fees is provided in the Declaration of Mary McNeill, filed concurrently.

18  *See* McNeill Decl., ¶¶ 6-16, Ex. F (itemizing request and explaining reasonableness).

19                                    **CONCLUSION**

20          For the foregoing reasons, this Court should deny VSI's Motion for Sanctions and award

21  MicroStrategy its reasonable costs in opposing it.

22

23

24

25

26

27

28

1   DATED: January 4, 2013            QUINN EMANUEL URQUHART &
                                      SULLIVAN, LLP
2

3                                     By:  /s/ Sean S. Pak
                                          Sean S. Pak
4

5                                         Charles K. Verhoeven (Bar. No. 170151)
                                          charlesverhoeven@quinnemanuel.com
                                          Sean S. Pak (Bar No. 219032)
6                                         seanpak@quinnemanuel.com
                                          Jennifer A. Kash (Bar No. 203679)
7                                         jenniferkash@quinnemanuel.com
                                          Mary H. McNeill (Bar. No. 261500)
8                                         marymcneill@quinnemanuel.com
                                          Howard Y. Chen (Bar No. 265015)
9                                         howardchen@quinnemanuel.com
                                          QUINN EMANUEL URQUHART &
10                                        SULLIVAN, LLP
                                          50 California Street, 22nd Floor
11                                        San Francisco, California 94111
                                          Telephone:   (415) 875-6600
12                                        Facsimile:   (415) 875-6700

13

14                                        *Attorneys for Defendant MicroStrategy Inc.*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record who have consented to electronic service are

being served with a copy of the foregoing document, entitled "**MICROSTRATEGY INC.'S**

**OPPOSITION TO PLAINTIFF VASUDEVAN SOFTWARE, INC.'S MOTION FOR**

**SANCTIONS;**" **THE DECLARATION OF JENNIFER KASH IN SUPPORT OF SAME;**

and **THE DECLARATION OF MARY H. MCNEILL IN SUPPORT OF SAME** via the

Court's CM/ECF system per Civ. L.R. 5-1(h)(3) on this 4th day of January 2013.

Executed on January 4, 2013 at San Francisco, California.

3

4

5

6

7

8

9

10

11

12

                              */s/ Mary H. McNeill*
                              Mary H. McNeill

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28