Brooke A. M. Taylor, WSBA 33190 (Admitted *Pro Hac Vice*)
btaylor@susmangodfrey.com
Jordan W. Connors, WSBA 41649 (Admitted *Pro Hac Vice*)
jconnors@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Telephone: (206) 516-3880
Facsimile: (206) 516-3883

Stephen E. Morrissey, CA Bar 187865
smorrissey@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: (310) 789-3103
Facsimile: (310) 789-3150

*Plaintiff Vasudevan Software, Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| VASUDEVAN SOFTWARE, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MICROSTRATEGY INCORPORATED, <br><br> Defendant. | Case No. 3:11-06637-RS-PSG <br><br> **PLAINTIFF VASUDEVAN SOFTWARE, INC.'S REPLY IN SUPPORT OF MOTION FOR SANCTIONS AGAINST MICROSTRATEGY** <br><br> Date: January 24, 2013 <br> Time: 1:30 pm <br> Location:  450 Golden Gate Avenue <br> San Francisco, California |

# **TABLE OF CONTENTS**

I.    MicroStrategy Does not Deny That it Threatened VSi and its Counsel and Filed the
      Zillow Petition With a Vindictive and Improper Purpose to Extort a Settlement ............2

II.   The First Amendment Does not Immunize MicroStrategy From Court Sanctions for
      Threatening VSi and its Counsel and For Seeking to Harm VSi in Bad Faith ................5

      A.    The *Noerr-Pennington* Doctrine Relied on By MicroStrategy Does not
            Immunize Activity From the Court's Inherent Sanctioning Authority................5

      B.    Binding Supreme Court and Ninth Circuit Precedent Establishes that Even
            Non-Frivolous Conduct Is Sanctionable if a Court Finds Bad Faith or an
            Improper Purpose ........................................................................................8

      C.    MicroStrategy's Threats and Extortion Are not Petitioning Activity .................10

      D.    MicroStrategy's Proposed Rule Would Invite Abuse..........................................12

III.  MicroStrategy's Summary of PTO Procedure Is Inaccurate, and Zillow's Right to
      Seek Further Relief Before the PTO Does Not Immunize MicroStrategy From Relief
      in This Court for the Harm and Threats it Has Inflicted on VSi.....................................13

IV.   VSi's Sanctions Motion Complies With the Local Rules and the Federal Rules of
      Civil Procedures; MicroStrategy's Request for Attorneys' Fees Does Not....................14

V.    Appropriate Sanctions.....................................................................................................15

1
2

# TABLE OF AUTHORITIES

3

**Cases**

4

*B.K.B. v. Maui Police Dept.*,
  276 F.3d 1091(9th Cir. 2002).........................................................................9

5

*BE & K Const. Co. v. N.L.R.B.*,
  536 U.S. 516 (2002)...............................................................................6, 10

6

7

*Bridge C.A.T. Scan Assoc. v. Technicare Corp.*,
  710 F.2d 940 (2nd Cir. 1983).........................................................................7

8

*Edwards v. Marin Park, Inc.*,
  91 F. App'x 14 (9th Cir. 2004) ....................................................................14

9

10

*Fink v. Gomez*,
  239 F.3d 989 (9th Cir. 2001).........................................................................9

11

*George v. Industrial Maintenance Corp.*,
  305 F. Supp. 2d (D. V. I. 2002) ....................................................................7

12

13

*Globetrotter Software, Inc. v. Elan Computer Group*,
  362 F.3d 1367 (Fed. Cir. 2004)......................................................................7

14

*GP Indus., Inc. v. Eran Indus., Inc.*,
  500 F.3d 1369 (Fed. Cir. 2007)................................................................7, 11

15

16

*iLOR, LLC v. Google, Inc.*,
  631 F.3d 1372 (Fed. Cir. 2011).......................................................................8

17

*In re Itel Securities Litigation*,
  791 F.2d 672 (9th Cir. 1986).........................................................................9

18

19

*Kramer v. Tribe*,
  156 F.R.D. 96 (D.N.J. 1994).........................................................................12

20

*Lipsig v. National Student Mktg. Corp.*,
  663 F.2d 178 (D.C. Cir. 1980) ......................................................................9

21

22

*Panduit Corp. v. All States Plastic Mfg. Co.*,
  744 F.2d 1564 (Fed. Cir. 1984).......................................................................8

23

*Prof'l Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.*,
  508 U.S. 49 (1993).............................................................................7, 11, 12

24

*Richardson–Merrell Inc. v. Koller*,
  472 U.S. 424 (1985)......................................................................................8

25

26

*Roadway Express, Inc.*,
  447 U.S. 752 (1980)....................................................................................10

27

*Sosa v. DIRECTV, Inc.*,

28

---

PLAINTIFF VSI'S REPLY IN SUPPORT OF MOTION FOR
SANCTIONS -iii

437 F.3d 923 (9th Cir. 2006)..................................................................................... 8, 11

*Summerfield v. Strategic Lending Corp.*,
No. 09-cv-02609-HRL, 2010 WL 509923, (N.D. Cal. June 17, 2010) ..................................... 15

*U.S. v. Carmichael*,
326 F. Supp. 2d 1267, 1273 (M.D. Ala. 2004) ........................................................................ 7

*Zaldivar v. Los Angeles*,
780 F.2d 823 (9th Cir. 1986)...................................................................................................... 7

**Other Authorities**

35 U.S.C. § 285 ........................................................................................................................................ 8

35 U.S.C.A. § 313 .................................................................................................................................. 14

42 U.S.C. § 3613 .................................................................................................................................... 14

Leahy–Smith America Invents Act, Pub.L.
No. 112–29, § 6, 125 Stat. 284, 299–305 (2011)....................................................................14

Sandra Day O'Connor, Professionalism,
76 Wash. U. L.Q. 5 (1998) ...................................................................................................... 13

**Rules**

Federal Rules and Civil Procedures 11 ....................................................................................... 7, 15

VSi seeks sanctions against MicroStrategy not merely because MicroStrategy filed a petition to review a patent that is unrelated to MicroStrategy's business, but because MicroStrategy threatened VSi and its counsel, and filed the petition to review Zillow's patent ("Zillow Petition") for the purpose of extorting a settlement in this case. VSi submitted three sworn declarations from witnesses who heard Jonathan Klein threaten VSi and Susman Godfrey, and state his motivation for harming Susman Godfrey—to pressure VSi to dismiss its claims. Tellingly, Mr. Klein did not submit a declaration denying his stated motives, and Mr. Sean Pak, MicroStrategy's other witness to Mr. Klein's statements, also submitted no denial either.

MicroStrategy does not—because it cannot—deny that it engaged in the reprehensible conduct at issue. Instead, MicroStrategy argues that it is immune from punishment unless this Court delves into the merits of the Zillow Petition and finds that it is objectively baseless.[1] But MicroStrategy is wrong on the law. The most recent Supreme Court precedent that MicroStrategy cites *expressly rejected the notion that the immunity MicroStrategy claims applies to Court sanctions*. Numerous other Supreme Court and Ninth Circuit cases confirm that the Court has authority to sanction a litigant who engages in bad faith or who "is substantially motivated by vindictiveness, obduracy, or mala fides," under the Court's inherent powers, without delving into the objective reasonableness of the litigant's conduct or filing.

This binding Supreme Court and Ninth Circuit precedent exists for a reason. Allowing MicroStrategy to threaten its adversaries and file separate actions in bad faith to extort settlements is a waste and misuse of administrative resources a threat to its adversaries' right to a fair hearing. The Court should sanction MicroStrategy to stop this abuse, and deter other defendants

---

[1] MicroStrategy also opens its Opposition with a prejudicial and highly misleading review of some of the discovery issues and motions practice in this case. Opposition at 1. VSi disputes MicroStrategy's account of these matters, but will not engage in this side-show, as it has no relevance to the instant Motion and is a transparent attempt to distract from the merits.

1    from engaging in this behavior as a Court-approved strategy to avoid the merits.

2                                              I.

3    <u>MicroStrategy Does not Deny That it Threatened VSi and its Counsel And Filed the Zillow
     Petition With a Vindictive and Improper Purpose to Extort a Settlement</u>

4

5        VSi's motion for sanctions established three facts:  (1) MicroStrategy threatened to harm

6    VSi and its counsel, Susman Godfrey, if VSi did not dismiss its lawsuit; (2) after VSi refused to

7    dismiss the suit, MicroStrategy made good on its threats and sought to harm VSi and Susman

8    Godfrey by filing the Zillow Petition; and (3) MicroStrategy's threats and actions were motivated

9    by its vindictive desire to extort a settlement from VSi.

10       VSi established MicroStrategy's threats with the sworn declarations of three attorneys

11   who personally witnessed MicroStrategy's then-General Counsel (now President) Jonathan Klein

12   threaten to harm VSi and Susman Godfrey.  Motion at 4-5.  Mr. Klein's threats included that he

13   would make VSi's litigation as "painful as possible" and take action against Susman Godfrey.  *Id.*

14       VSi established MicroStrategy's efforts to harm VSi and Susman Godfrey by

15   demonstrating that, seven weeks after Mr. Klein threatened VSi and its counsel, MicroStrategy

16   filed the Zillow Petition, which has the potential to impose significant costs and delays upon

17   Susman Godfrey's separate client, Zillow.  *Id.* at 5-9.

18       VSi established MicroStrategy's vindictive and extortive motivations in several ways.  It

19   wasn't difficult.  According to sworn testimony, *Mr. Klein told VSi's attorneys that he would take*

20   *action against Susman Godfrey if VSi did not dismiss its lawsuit*.  *Id.* at 4-5.  VSi demonstrated

21   that Mr. Klein signed and submitted the Zillow Petition seven weeks after his extortive threat.  *Id.*

22   at 5-6.  VSi also demonstrated that the patent MicroStrategy petitioned the PTO to review,

23   Zillow's patent, regards online automatic real estate valuations, and has nothing to do with

24   MicroStrategy's business intelligence software business.  *Id.* at 6-7.  Further, VSi demonstrated

25   that the only link between MicroStrategy and the patent MicroStrategy challenged is the fact that

26

27

28

PLAINTIFF VSI'S REPLY IN SUPPORT OF MOTION FOR
SANCTIONS AGAINST MICROSTRATEGY - 2

C:\Users\mbruns\Desktop\2013-01-14 VSI-MicroStrategy Reply ISO Mtn for Sanctions re Zillow Re-exam Petition.doc

Brooke Taylor and Jordan Connors, the lawyers at whom Mr. Klein directed his threats, have asserted the Zillow Patent in a lawsuit that MicroStrategy threatens.  *Id.*  Finally, VSi demonstrated that MicroStrategy's conduct is part of a larger pattern of behavior from MicroStrategy in which MicroStrategy wields legal and administrative procedures as clubs in bad faith to harm its legal adversaries.  *Id.* at 8-9.

In the face of these serious accusations and evidentiary support, MicroStrategy does not deny that it engaged in the threats and harmful actions at issue.  Nor does MicroStrategy deny its extortive and vindictive motivations.  *MicroStrategy does not even deny that it acted in bad faith.* MicroStrategy's only substantive factual statement submitted along with its opposition is an irrelevant statement from Jennifer Kash, an attorney who was not on the offending September 10 phone call, stating that she was unaware of MicroStrategy's threats and harmful actions back in November, 2012.  Opposition at 4.  MicroStrategy submits no statement from Mr. Pak, MicroStrategy's outside counsel who was on the September 10 phone call, or from Mr. Klein, MicroStrategy's then-general counsel who made the threats against VSi, carried them out, and stands accused of vindictive and extortionate motives.

Rather than deny the accused conduct and malicious motivations, MicroStrategy makes a half-hearted attempt to argue that VSi failed to present enough evidence.  MicroStrategy first asserts that "VSI has presented no evidence of an improper purpose."  Demonstrably false.  *See supra*; *see also* Motion at 5-9.  MicroStrategy then shrugs off Mr. Klein's threats as "typical statements made during settlement negotiations" and "entirely proper."  Opposition at 8-9. MicroStrategy also insinuates, but does not come out and say, that Mr. Klein's threats to take action against Susman Godfrey regarded MicroStrategy's boilerplate counterclaim in this case, filed in March, 2012, to seek its attorneys' fees.  Opposition at 9.  Finally, in a footnote, MicroStrategy insinuates, but does not come out and say, that MicroStrategy filed the Zillow

Petition because "MicroStrategy's software is, in any event, used by companies in the real estate industry, the same field as the Zillow patent."  Opposition at 10 n.9.

But MicroStrategy's indirect insinuations are not credible for the reasons explained below and its lack of counter-evidence is glaring.  If Mr. Klein had any motivation other than to harm, threaten, intimidate, and extort, he would have submitted a sworn declaration stating his actual motivation.  If Mr. Klein did not, in fact, link his threat to harm Susman Godfrey with his demand that VSi dismiss this lawsuit on the September 10 call, Mr. Pak would have so declared.  If MicroStrategy, a publicly owned company with a stated purpose to sell business intelligence software, was using its shareholder-owned resources to launch a new endeavor to "quality check" patents issued by the PTO, its public SEC filings would say so.  If MicroStrategy's true motive in challenging the Zillow Patent was to serve some of its customers who happen to conduct business in real estate, it would point to its communications and marketing efforts informing those customers about what a comprehensive competitor-patent-quality-checking service MicroStrategy provides.  If Mr. Klein's threats referred to MicroStrategy's earlier boilerplate counterclaim about attorneys' fees, he wouldn't have said "you'll have to wait and see," when Les Payne asked Mr. Klein what he meant by his threat.  If MicroStrategy's filing of the Zillow Petition were anything other than a targeted attack on Brooke Taylor, Jordan Connors, and Susman Godfrey's business as lawyers and as a law firm, MicroStrategy would be able to point to other review petitions that it has filed that are unrelated to MicroStrategy's business.  MicroStrategy has no counter-evidence to point to; all it has is indirect and incredible insinuations.

Accordingly, VSi's evidence, including Mr. Klein's own statements confirming his vindictive and extortive motive, establishes that MicroStrategy threatened to harm VSi and its counsel, acted in bad faith, and filed the Zillow Petition in an effort to extort a settlement.  MicroStrategy's failure to offer <u>evidence</u> refuting these facts confirms them.

II.

<u>The First Amendment Does not Immunize MicroStrategy From Court Sanctions for Threatening
VSi and its Counsel and For Seeking to Harm VSi in Bad Faith</u>

Rather than deny facts that MicroStrategy cannot deny, MicroStrategy argues that it is immune from punishment.  MicroStrategy says that despite its threats to VSi and its counsel, its efforts to carry out those threats, and its motivation to extort a settlement from VSi, MicroStrategy is immune from any penalty or sanction by the First Amendment.

But MicroStrategy misleads the Court; as its argument is contravened by clear Supreme Court and Ninth Circuit precedent.  MicroStrategy's argument that its bad faith conduct is immune from punishment is incorrect for four reasons:  (1) as the Supreme Court has held, the *Noerr-Pennington* doctrine does not immunize litigants from sanctions under the Court's inherent powers, and no case MicroStrategy cited holds that it does so; (2) clear, binding Ninth Circuit precedent establishes that sanctions are appropriate "where a litigant is substantially motivated by vindictiveness, obduracy, or mala fides" or "if the court specifically finds bad faith or conduct tantamount to bad faith"; (3) even if the First Amendment shielded MicroStrategy from liability for filing the Zillow Petition, VSi's motion concerns MicroStrategy's threats to VSi and its malicious use of the Zillow Petition to harm VSi's counsel in a collateral lawsuit, for which MicroStrategy has no immunity; and (4) the rule MicroStrategy advocates would grant MicroStrategy and other litigants *carte blanche* to employ judicial and administrative resources to threaten and intimidate, in bad faith, for their own extortive means.

### A. The *Noerr-Pennington* Doctrine Relied on By MicroStrategy Does not Immunize any Activity From the Court's Inherent Sanctioning Authority

MicroStrategy says the law is the following: "[P]etitioning activity cannot be sanctioned or subject to liability unless the petition is objectively baseless, regardless of any allegedly improper subjective motivation."  That statement is simply false.  Opposition at 6.  None of the

cases that MicroStrategy paraphrases actually support such a holding, and in fact, the most recent Supreme Court case on which MicroStrategy relies expressly denies it.

The *Noerr-Pennington* doctrine, on which MicroStrategy relies, is a doctrine of statutory interpretation that construes the Sherman Act not to apply to certain activity such as petitioning the three branches of the government.  *See BE & K Const. Co. v. N.L.R.B.*, 536 U.S. 516, 525 (2002).  The interpretation is based "in part on the principle that we would not lightly impute to Congress an intent to invade ... freedoms' protected by the Bill of Rights, such as the right to petition."  *Id.* at 525 (citations omitted).  While the *Noerr-Pennington* doctrine has been applied to construe other statutes as well, the doctrine has <u>never been applied to grant litigants immunity from the Court's inherent power to sanction them for bad faith conduct</u>.

To the contrary, in the most recent Supreme Court case on which MicroStrategy relies, *BE & K Constr.*, the Court expressly denies that the First Amendment immunizes litigants from being sanctioned even for activity that is protected by the First Amendment and not covered by the Sherman Act and other statutes.  In *BE & K Constr.*, the Court held that, while the National Labor Relations Act did not impose liability upon reasonably based, unsuccessful lawsuits:

> [N]*othing in our holding today should be read to question the validity of common litigation sanctions imposed by courts themselves-such as those authorized under Rule 11 of the Federal Rules of Civil Procedure*—or the validity of statutory provisions that merely authorize the imposition of attorney's fees on a losing plaintiff.

*BE & K Constr.*, 536 U.S. at 537 (all emphasis in this Reply is added).  MicroStrategy cites the case to support its immunity defense, but completely ignores the clear admonition from the Supreme Court that litigation sanctions are not implicated by the doctrine.  Thus, while MicroStrategy's cases may establish that *VSi cannot bring certain antitrust or NLRA claims* against MicroStrategy for its malicious conduct and bad faith, **<u>MicroStrategy has no immunity from litigation sanctions</u>**.

The other cases MicroStrategy cites are no more applicable and no more supportive of MicroStrategy's claimed immunity. MicroStrategy cites a string of cases from other jurisdictions to support its proposition that "[e]ven a court's inherent power, including the power to sanction, is subject to the limitations imposed by the First Amendment." Motion at 6 & n.4. But all of those cases merely discuss certain *remedies* imposed by courts and whether they run afoul of First Amendment jurisprudence on prior restraints; none of the cases limits the kind of activity that may be sanctioned in the first place. *See Bridge C.A.T. Scan Assoc. v. Technicare Corp.*, 710 F.2d 940 (2nd Cir. 1983) (concerning whether injunction granted by district court enjoining disclosure of trade secret data constituted invalid prior restraint); *U.S. v. Carmichael*, 326 F. Supp. 2d 1267, 1273 (M.D. Ala. 2004) (concerning whether court order requiring criminal defendant to take down website proclaiming his innocence is valid prior restraint on free speech); *George v. Industrial Maintenance Corp.*, 305 F. Supp. 2d 537, 543 (D. V. I. 2002) (concerning whether to impose remedy that would impose limits on "dissemination of information regarding hiring and pay practices" in light of First Amendment principles).

MicroStrategy also cites four cases to support propositions regarding the "objectively baseless" litigation standard. Motion at 6-7. But none of these cases, or the others cited by MicroStrategy, hold that the objectively baseless standard applies as a restriction on a court's sanctioning authority under its inherent powers when a litigant has acted in bad faith. *See Prof'l Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49 (1993) (concerning antitrust liability, not court sanctions); *Globetrotter Software, Inc. v. Elan Computer Group*, 362 F.3d 1367 (Fed. Cir. 2004) (concerning state law business tort liability, not court sanctions); *GP Indus., Inc. v. Eran Indus., Inc.*, 500 F.3d 1369 (Fed. Cir. 2007) (same); *Zaldivar v. Los Angeles*, 780 F.2d 823, 832 (9th Cir. 1986) (concerning the interpretation of FRCP 11, without any

1  discussion of First Amendment).[2]  In other words, MicroStrategy cites no case (and VSi is aware

2  of none) that holds or suggests that petitioning activity that is objectively reasonable, but

3  conducted in bad faith or for an improper purpose, has any immunity at all from, in the Supreme

4  Court's words, litigation sanctions imposed by the courts themselves."

5

6        **B.  Binding Supreme Court and Ninth Circuit Precedent Establishes That Even Non-Frivolous Conduct Is Sanctionable if a Court Finds Bad Faith or an Improper Purpose**

7

8        MicroStrategy's claimed immunity from punishment is also contradicted by clear,

9  binding[3] Ninth Circuit precedent.  As VSi explained in its Motion, the Ninth Circuit does not

10  require a court to consider the merits of an offending action in imposing sanctions, so long as the

11  court finds bad faith or an improper purpose:

12

13        *[f]or purposes of imposing sanctions under the inherent power of the court, a finding of bad faith does not require that the legal and factual basis for the action prove totally frivolous*; where a litigant is substantially motivated by vindictiveness, obduracy, or mala fides, the assertion of a colorable claim will not bar the assessment of attorney's fees. …

14

15

16        *[S]anctions are available if the court specifically finds bad faith or conduct tantamount to bad faith*. Sanctions are available for a variety of types of willful actions, *including recklessness when combined with an additional factor such as* frivolousness, harassment, or *an improper purpose*.

17

18

19  _____

[2] MicroStrategy also cites two cases for the limited proposition that courts have extended the *Noerr-Pennington* doctrine beyond antitrust suits.  Motion at 6.  But neither case held that

20  activities such as filing petitions to harm your adversaries grant the petitioner immunity from the Court's inherent power to sanction litigants.  *See Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 942 (9th

21  Cir. 2006) (dismissing RICO complaint based on pre-suit demand letters after construing RICO not to apply to such activity); *iLOR, LLC v. Google, Inc.*, 631 F.3d 1372, 1376-77 (Fed. Cir.

22  2011) (construing 35 U.S.C. § 285, which allows for attorneys' fees in patent suits that present

23  "exceptional cases," not to apply to plaintiff's lawsuit because suit was not objectively baseless, but also recognizing, despite lack of objective baselessness, "a court can invoke its inherent

24  power to award such fees in exceptional cases based upon a finding of bad faith").
[3] In a patent case, the applicable regional circuit court (the Ninth Circuit here) supplies the

25  applicable law to procedural issues that are not unique to patent law, such as sanctions under the Court's inherent authority.  *See Panduit Corp. v. All States Plastic Mfg. Co.*, 744 F.2d 1564,

26  1574–75 (Fed. Cir. 1984), overruled on other grounds by *Richardson–Merrell Inc. v. Koller*, 472 U.S. 424  (1985) ("[T]he Federal Circuit [ ] review[s] procedural matters, that are not unique to

27  patent issues, under the law of the particular regional circuit court where appeals from the district court would normally lie.").

28

1   *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1108 (9th Cir. 2002).

2       MicroStrategy argues that this clear statement by the Ninth Circuit rejecting

3   MicroStrategy's position is either *dicta*, or the Ninth Circuit just got it wrong and it violates

4   Supreme Court precedent.  Opposition at 7.  The statement is not *dicta*.  In *B.K.B. v. Maui Police*

5   *Dept.*, the Ninth Circuit upheld a district court's sanction (which included both attorneys' fees

6   and compensatory fees for "emotional damage") after defense counsel introduced improper

7   evidence of the plaintiff's sexual history at trial.   *B.K.B.*, 276 F.3d at 1106.   Under

8   MicroStrategy's purported statement of the law ("petitioning activity," which extends to actions

9   before the courts, cannot be sanctioned unless "objectively baseless" (Opposition at 6)), the

10  defense counsel would have been immune from the Court's inherent sanctioning power.  But the

11  *B.K.B.* court did not delve into the objective basis for the defense counsel's introduction of the

12  offending evidence as MicroStrategy would have them do.  Once the court found "counsel's

13  reckless and knowing conduct in this case was tantamount to bad faith," it held the conduct

14  "sanctionable under the court's inherent power."  *Id.* at 1108.

15      *B.K.B.* accords with other precedent holding that once a court finds bad faith or an

16  improper purpose, it need not delve into the objective reasonableness or frivolousness of a

17  particular action in order to impose sanctions.  The Ninth Circuit has repeatedly held that:  "For

18  purposes of imposing sanctions under the inherent power of the court, a finding of bad faith 'does

19  not require that the legal and factual basis for the action prove totally frivolous; where a litigant is

20  substantially motivated by vindictiveness, obduracy, or mala fides, the assertion of a colorable

21  claim will not bar the assessment of attorney's fees.'" *In re Itel Securities Litigation*, 791 F.2d

22  672, 675 (9th Cir. 1986) (quoting *Lipsig v. National Student Mktg. Corp.*, 663 F.2d 178, 182

23  (D.C. Cir. 1980) (per curiam)); *see also Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001)

1   (reviewing line of Ninth Circuit cases that required bad faith, recklessness, or an improper

2   purpose for imposition of sanctions, but did not require that action be non-frivolous).

3       And this long line of Ninth Circuit cases is not contrary to Supreme Court precedent, as

4   MicroStrategy asserts.  As discussed above, the Supreme Court, in an opinion cited repeatedly by

5   MicroStrategy, held that the *Noerr-Pennington* line of cases does not immunize activity from the

6   court's power to impose litigation sanctions.  *BE & K Constr.*, 536 U.S. at 537.  Moreover, in

7   *Roadway Express, Inc. v. Piper*, the Supreme Court summarized the bases on which a federal

8   court may levy sanctions under its inherent power to a losing party in a lawsuit, including "when

9   the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons...."

10  *Roadway Express, Inc.*, 447 U.S. 752, 765-66 (1980).  The Court did not mention

11  MicroStrategy's purported additional requirement that the offending conduct must not be

12  objectively baseless; that purported requirement finds no support in the law.

13      **C.  MicroStrategy's Threats and Extortion Are not Petitioning Activity**

14      MicroStrategy's claimed immunity is legally incorrect for another reason as well—beyond

15  the fact that it is contradicted by clear and repeated Supreme Court and Ninth Circuit precedents.

16  MicroStrategy's claimed immunity relates to "[t]he petitioning of federal agencies."  Opposition

17  at 5.  But VSi's motion is not concerned merely with the fact that MicroStrategy filed a petition

18  before the PTO challenging Zillow's patent.  VSi's motion concerns MicroStrategy's threats and

19  efforts to harm VSi and its counsel.  In isolation, MicroStrategy's re-exam petition would be odd,

20  but not sanctionable.[4]  But when viewed in context of the VSi litigation against MicroStrategy

---

[4] MicroStrategy's opposition states that "Reexaminations are therefore routinely sought by non-profit groups and companies that are under no threat of patent infringement litigation."  Opposition at 9-10.  However, the only example of a "For-profit compan[y]" that filed a petition for reexamination of a patent "unrelated to [its] business" that MicroStrategy could find was a petition filed by prior art search firm Article One.  Opposition at 10 & n.8.  Article One styles itself as "a global online community working to legitimize the validity of patents" and conducts contests by soliciting the public for prior art references against specific patents and then awarding

---

and MicroStrategy's threats against VSi and its counsel, the Zillow Petition represents a sanctionable attempt to exert pressure and pain upon VSi and its counsel in an effort to force VSi to dismiss its case against MicroStrategy, the stated goal of Mr. Klein.

In an effort to deflect attention from its threatening and extortive behavior, MicroStrategy devotes only a single footnote to a purported immunity for its threats and pattern of litigation abuses (Opposition at 6 n.5).  No case suggests that these threats, sworn to by VSi's counsel and not denied by MicroStrategy, are covered by First Amendment protection.  MicroStrategy tells the Court that "First Amendment protection also extends to pre-petitioning communications related to the subsequent petition," and asserts therefore that "even alleged threats to file a petition for reexamination cannot be sanctioned unless the petition is objectively baseless." *Id.* But neither case cited related to threats to bring a collateral action against an adversary or an adversary's counsel in an effort to force them to settle a claim.  Both cases involved parties who merely sent pre-suit demand letters to potential infringers of their patents prior to bringing suit.[5] *See GP Indus., Inc. v. Eran Indus., Inc.*, 500 F.3d 1369, 1374-77 (Fed. Cir. 2007); *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 934-35 (9th Cir. 2006).  MicroStrategy points to no case in which the First Amendment granted a party immunity for using an unrelated case to injure its litigation adversary.  Justice Stevens, in a concurring opinion in *Professional Real Estate*, has explained that such use of a petition to impose a collateral injury would be a "sham" and thus would not render the litigant immune from even antitrust liability, even if objectively reasonable:

---

(… cont'd)
cash prizes to those who submit references that render the patents invalid.  *See* Article One website, *available at* http://www.articleonepartners.com/ (last visited on January 14, 2013).  So, of course, all patent review petitions are related to Article One's business.  MicroStrategy submitted no evidence of any relationship between the Zillow Patent and MicroStrategy's business, other than the fact that MicroStrategy's Zillow Petition might be an effective means to extort a lower settlement amount in this lawsuit.
[5] And of course, nether case involved sanctions under the court's inherent authority because the First Amendment does not immunize even petitioning activity from such sanctions.

> The label "sham" is appropriately applied to a case, or series of cases, in which the plaintiff is indifferent to the outcome of the litigation itself, but has nevertheless sought to impose a collateral harm on the defendant by, for example, impairing his credit, abusing the discovery process, or interfering with his access to governmental agencies. It might also apply to a plaintiff who had some reason to expect success on the merits but because of its tremendous cost would not bother to achieve that result without the benefit of collateral injuries imposed on its competitor by the legal process alone.

*Prof'l Real Estate Investors, Inc.*, 508 U.S. 49, 67-69 (1993) (Stevens, J., concurring).

Accordingly, *even if* the *Noerr-Pennington* doctrine applied in this case, and immunized certain activities from the Court's sanctioning power, MicroStrategy's threats and efforts to use the Zillow Petition to harm VSi and its counsel in a collateral action would not be immune.

### D. MicroStrategy's Proposed Rule Would Invite Abuse

Not only is MicroStrategy's proposed rule, that filing a review petition with the PTO grants the filer immunity from any sanction so long as it is not objectively baseless, contrary to binding Supreme Court and Ninth Circuit law, it is dangerous and invites abuse. For example, in the case at bar, if the Court were to hold that Mr. Klein's threats and efforts to harm Susman Godfrey are immune from punishment, MicroStrategy could continue to make good on its threat to take action against Susman Godfrey. If all MicroStrategy would have to find is some "non-objectively baseless" reason to petition for the review of other patents asserted by other Susman Godfrey clients, MicroStrategy could delay and obstruct Susman Godfrey's other litigation matters by filing additional petitions, all in an effort to pressure VSi to settle. For large corporate defendants with vast resources, filing review petitions in collateral actions to pressure legal adversaries to settle their claims could become a viable and routine defense strategy. The court should sanction MicroStrategy's conduct in order to "send a message that [such] action…are unacceptable in the practice of law." *Kramer v. Tribe*, 156 F.R.D. 96, 109-10 (D.N.J. 1994) (sanctioning lawyer for undertaking "whatever steps are necessary to dragoon a settlement,

including "threaten[ing] his adversaries with meritless harassing law suits and when those threats fail to motivate them to act in conformity with his desires, files the suits, resulting in a waste of time and resources for the parties as well as the courts"), *aff'd*, 52 F.3d 315 (3d Cir. 1995); *see also* Sandra Day O'Connor, Professionalism, 76 Wash. U. L.Q. 5, 8 (1998) ("When the lawyers themselves generate conflict, rather than focusing on the dispute between the parties they represent, it distorts our adversarial system.").

### III.
<u>MicroStrategy's Summary of PTO Procedure Is Inaccurate, and Zillow's Right to Seek Further Relief Before the PTO Does Not Immunize MicroStrategy From Relief in This Court for the Harm and Threats it Has Inflicted on VSi</u>

MicroStrategy also argues that the Court should not issue sanctions because the PTO has its own disciplinary procedures, and because Zillow need not incur the expense of responding to the Zillow Petition unless the PTO concludes that the petition raises a substantial new question of patentability.  Opposition at 10-11.  The first argument misses the point and the second argument is plainly wrong.

*First*, MicroStrategy's statement that "Zillow is free to file a complaint with the Director of the Office of Enrollment and Discipline" makes no difference.  *Id.*  VSi's sanctions motion regards MicroStrategy's bad faith conduct in threatening and seeking to harm VSi and its counsel. MicroStrategy's extortionate demand and continuing threat unquestionably relate to the instant action before this Court.  VSi is not seeking the Court to "interpose itself as an enforcer of the PTO's ethical rules," as MicroStrategy suggests.   VSi seeks a sanction order related to MicroStrategy's bad faith and improper purpose in attempting to extort a dismissal in *this lawsuit*.

*Second*, MicroStrategy is simply wrong when it says that Zillow need not incur the expense of defending itself until the PTO makes some independent finding.  *Id.* at 11. MicroStrategy's citations relate to "*inter partes* <u>reexamination</u>" procedures, which expired as of

September 15, 2012, according to the America Invents Act of 2011.  Leahy–Smith America Invents Act, Pub.L. No. 112–29, § 6, 125 Stat. 284, 299–305 (2011) ("AIA).  The now applicable *inter partes* <u>review</u> procedures, allow a patent owner to file a preliminary response to a petition prior to any ruling on the merit of the petition.  *See* 35 U.S.C.A. § 313.  Zillow intends to contest MicroStrategy's petition vigorously, and has retained outside counsel to file a preliminary response.  Declaration of Michelle Wynne ¶ 2, filed concurrently herewith.  Accordingly, MicroStrategy's vindictive petition, filed in bad faith and for an improper purpose, will cause Zillow and the PTO to expend time and resources regardless of its dubious merit.

IV.

<u>VSi's Sanctions Motion Complies With the Local Rules and the Federal Rules of Civil Procedure; MicroStrategy's Request for Attorneys' Fees Does Not</u>

MicroStrategy also argues that the motion does not conform to the Local Rules.  In particular, MicroStrategy cites Local Rules 37 and 54-5.  Neither rule applies.

Local Rule 37 governs <u>discovery disputes</u>.  While MicroStrategy's discovery tactics are certainly objectionable, *see* VSi's Motion to Compel (Dkt. No. 124), they are not at issue in the present motion.  MicroStrategy's effort to broadly transpose Rule 37's limited requirements onto VSi's sanctions motion is yet another creative effort to shirk responsibility for its sanctionable conduct, and should be rejected as such.

Local Rule 54-5 is also inapposite, applying only to <u>post-judgment</u> motions for attorneys' fees.  *See* L.R. 54-5(a) (explaining the time limit for filing a Rule 54 motion as "<u>within 14 days of entry of judgment</u>" (emphasis added)).  The cases MicroStrategy cites in its brief confirm the same.  *See, e.g.*, *Edwards v. Marin Park, Inc.*, 91 F. App'x 14, 15 (9th Cir. 2004) (unpublished) (addressing plaintiff's "<u>post-judgment motion for attorney fees</u> as the 'prevailing party' in the action under 42 U.S.C. § 3613" (emphasis added)).  Of course, with no judgment entered, there can be no post-judgment motion pending in this case.

While the above rules do not apply, Local Rule 7-8 does. Unlike the rules cited in MicroStrategy's brief, Rule 7-8 governs the form and timing of the present sanctions motion. *See* Order of November 13, 2012 (Dkt. No. 135) (directing VSi to "comply with the dictates of Federal Rule of Civil Procedure 11 and Local Rule 7-8 that govern motions for sanctions"). VSi has followed these rules to the letter, appropriately observing the 21-day safe-harbor period and separately filing its sanctions motion. MicroStrategy, to the contrary, has not separately filed its belated request for attorneys' fees as a sanction for defending the present motion. *See Summerfield v. Strategic Lending Corp.*, No. 09-cv-02609-HRL, 2010 WL 2509923, at *4 (N.D. Cal. June 17, 2010) ("Civil Local Rule 7-8 states that all motions for sanctions must be separately filed."). It is thus MicroStrategy, not VSi, that has failed to comply with the rules, and its request for attorneys' fees should be rejected for that reason, in addition to its lack of merit.

V.

Appropriate Sanctions

VSi's motion for sanctions set forth the appropriate principles the Court should consider in sanctioning MicroStrategy's bad faith conduct and set forth four potential sanctions for the Court to consider. Motion at 13-14. MicroStrategy's argument that particular sanctions are inappropriate are mere repetitions of MicroStrategy's repeated refrain that all MicroStrategy has done here is "fil[e] an objectively reasonable petition for patent reexamination." Opposition at 12. MicroStrategy's failure to recognize the severity of facts that it has offered no evidence to refute—that it threatened VSi and its counsel and then took efforts to harm them by filing a collateral action in an effort to extort a settlement—confirms the need for serious sanctions in this case. For this reason, and the reasons above, VSi respectfully requests the Court to grant VSi's motion for sanctions.

1    Dated: January 14, 2013.                     SUSMAN GODFREY LLP

2                                                 By: */s/ Jordan Connors*
3                                                 Brooke A. M. Taylor
                                                  Lead Attorney
4                                                 WA Bar No. 33190 (Admitted *Pro Hac Vice*)
                                                  btaylor@susmangodfrey.com
5                                                 Jordan W. Connors
                                                  WA Bar No. 41649 (Admitted *Pro Hac Vice*)
6                                                 jconnors@susmangodfrey.com
7                                                 SUSMAN GODFREY L.L.P.
                                                  1201 Third Avenue, Suite 3800
8                                                 Seattle, Washington 98101-3000
                                                  T: (206) 516-3880
9                                                 F: (206) 516-3883

10                                                Stephen E. Morrissey
11                                                CA Bar 187865
                                                  smorrissey@susmangodfrey.com
12                                                SUSMAN GODFREY L.L.P.
                                                  1901 Avenue of the Stars, Suite 950
13                                                Los Angeles, CA 90067-6029
                                                  T: (310) 789-3103
14                                                F: (310) 789-3150

15
                                                  Michael F. Heim
16                                                TX Bar No. 09380923 (Admitted *Pro Hac Vice*)
                                                  mheim@hpcllp.com
17                                                Leslie V. Payne
                                                  TX Bar No. 00784736 (Admitted *Pro Hac Vice*)
18                                                lpayne@hpcllp.com
19                                                Eric J. Enger
                                                  TX Bar No. 24045833 (Admitted *Pro Hac Vice*)
20                                                eenger@hpcllp.com
                                                  Nick P. Patel
21                                                TX Bar No. 24076610 (Admitted *Pro Hac Vice*)
22                                                npatel@hpcllp.com
                                                  HEIM, PAYNE & CHORUSH, LLP
23                                                600 Travis Street, Suite 6710
                                                  Houston, Texas 77002-2912
24                                                T: (713) 221-2000
                                                  F: (713) 221-2021
25
                                                  ATTORNEYS FOR VSI
26

27

28
     PLAINTIFF VSI'S REPLY IN SUPPORT OF MOTION FOR
     SANCTIONS AGAINST MICROSTRATEGY - 16

     C:\Users\mbruns\Desktop\2013-01-14 VSI-MicroStrategy Reply ISO Mtn for Sanctions re Zillow Re-exam Petition.doc

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 14th day of January, 2013, that a copy of the foregoing, and the accompanying declaration and exhibits, were filed electronically through the Court's CM/ECF system, with notice of case activity automatically generated and sent electronically to counsel of record for all parties.

/s/  *Jordan Connors*
Jordan Connors