UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VASUDEVAN SOFTWARE, INC., <br><br> Plaintiff, <br><br> v. <br><br> MICROSTRATEGY INC., <br><br> Defendant. | Case No.: 11-cv-06637-RS-PSG <br><br> **ORDER DENYING MOTION TO SEAL** <br><br> **(Re: Docket No. 76)** |

Vasudevan Software, Inc. ("VSI") moves on behalf of Microstrategy, Inc.'s ("Microstrategy") to seal portions of its reply to its motion to compel and three exhibits attached to the declaration in support of its reply. Having reviewed the request and the supporting declarations, the court DENIES WITHOUT PREJUDICE VSI's request.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"[1] Accordingly, when considering a sealing request, "a strong presumption in favor of access is the starting point."[2] Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the presumption

---

[1] *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

[2] *Id.*

1

Case No.: 11-6637 RS (PSG)
ORDER

with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure.[3]

Records attached to nondispositive motions are not subject to the same strong presumption of access.[4] Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Fed. R. Civ. P. 26(c).[5] As with dispositive motions, the standard applicable to nondispositive motions requires a "particularized showing"[6] that "specific prejudice or harm will result" if the information is disclosed.[7] "[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice.[8] A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed,[9] but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed.[10]

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5. The rule allows sealing orders only where the parties have "establishe[d] that the document or portions thereof is

---

[3] *Id.* at 1178-79.

[4] *See id.* at 1180.

[5] *Id.* at 1179 (internal quotations and citations omitted).

[6] *Id.*

[7] Fed. R. Civ. P. 26(c).

[8] *Id.*

[9] *See id.* at 1179-80.

[10] *See* Civil L.R. 79-5(a).

2

Case No.: 11-6637 RS (PSG)
ORDER

privileged or protectable as a trade secret or otherwise entitled to protection under the law."[11]  The rule requires parties to "narrowly tailor" their requests only to sealable material.[12]

Microstrategy asserts that the three exhibits attached to VSI's reply contain its "[h]ighly [c]onfidential information related to [its] financial revenues" that "would create a substantial risk of serious injury" if disclosed.[13]  The first exhibit consists of a spreadsheet with Microstrategy's financial data by product and by quarter from 2009 to the beginning of 2012.[14]  The second exhibit consists of a report detailing Microstrategy's licensing and product packing options,[15] and the third exhibit contains Microstrategy's supplemental responses to VSI's Interrogatory No. 8.[16]  Microstrategy also seeks redactions to VSI's reply that reference information from these exhibits.

The court finds that Microstrategy, however, has not provided a particularized showing of the harm that would result if these exhibits were made public and that its requests are not narrowly tailored.  The third exhibit, for example, includes boilerplate objections to the request and descriptions of other exhibits with licensing information but not the actual licensing fees.[17]  As to the financial information in the first exhibit, the data reflects Microstrategy's revenues and unit prices, and it has not provided a sufficient showing of what harm would occur if this information became public.  The second exhibit explains the types of licensing bundles and packages Microstrategy offers, and Microstrategy has not provided an explanation of how disclosure of this

---

[11] *Id.*

[12] *Id.*

[13] *See* Docket No. 81.

[14] *See* Docket No. 76 Ex. 11.

[15] *See id.* Ex. 12.

[16] *See id.* Ex. 13.

[17] *See id.*

3

Case No.: 11-6637 RS (PSG)
ORDER

information would be harmful.[18]  To the extent that the second exhibits contain "pricing terms, royalty rates, and guaranteed minimum payment terms," that information properly may be sealed.[19]

The court also finds that the redactions to the reply papers are overbroad.  The proposed redactions consist of descriptions of the contents of the exhibits, but nothing in the redactions reveal information for which Microstrategy has provided a particularized showing of harm.

Within seven days, VSI shall file Exhibits 1 and 3 and an unredacted version of the reply.  Microstrategy may move to seal a narrowly tailored version of Exhibit 2 to redact only pricing terms, royalty rates, or guaranteed minimum payment terms.

**IT IS SO ORDERED**.

Dated:  March 26, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[18] *See id.* Ex. 12.

[19] *In re Electronic Arts, Inc.*, 298 Fed. Appx. 568, 569 (9th Cir. 2008).