1
2
3
4
5
6
7
8
9
10

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| VASUDEVAN SOFTWARE, INC., | ) | Case No.: 11-cv-06637-RS-PSG |
| Plaintiff, | ) ) | **ORDER GRANTING-IN-PART DEFENDANT'S MOTION TO COMPEL** |
| v. | ) ) | |
| MICROSTRATEGY INC., | ) | **(Re: Docket No. 170)** |
| Defendant. | ) ) | |

In this patent infringement suit, Defendant Microstrategy Inc. ("Microstrategy") moves to compel Plaintiff Vasudevan Software, Inc. ("VSI") to produce its email backup discs for forensic analysis to determine whether spoliation of any emails occurred during this litigation. Microstrategy also moves to compel VSI to produce an unredacted copy of an exhibit for this court to review in camera. VSI opposes both requests. The parties appeared for a hearing on April 3, 2013. Having considered the parties' papers and oral arguments, the court GRANTS-IN-PART Microstrategy's motion.

## I. DISCUSSION

The parties are familiar with the facts of the case and with this particular dispute, and so the court does not repeat those facts here. In considering a motion to compel, the court relies on the

1

standards provided in Fed. R. Civ. P. 26(b).  Fed. R. Civ. P. 26(b) provides that parties "may obtain

discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  The

relevant information "need not be admissible at trial if the discovery appears reasonably calculated

to lead to the discovery of admissible evidence."  Relevance under Rule 26(b) is broadly defined,

"although it is not without ultimate and necessary boundaries."[1]

The court must limit the frequency or extent of discovery if it is unreasonably cumulative or

duplicative, or can be obtained from some other source that is more convenient, or the burden or

expense of the proposed discovery outweighs its likely benefit.  Upon a motion to compel pursuant

to Fed. R. Civ. P. 37(a)(3), the moving party has the burden of demonstrating relevance.[2]

## A.      Email Backup

Microstrategy asserts that VSI engaged in rampant deletion of emails throughout its

previous litigation with IBM and Oracle.  In support, Microstrategy points to the testimony of

Frank Schwartz ("Schwartz"), a former employee of VSI, who in response to a Microstrategy

subpoena, produced emails between him and VSI's president Mark Vasudevan ("Vasudevan") that

VSI failed to produce.[3]  In one of those emails, Schwartz told Vasudevan that he deleted emails at

Vasudevan's request,[4] and in a deposition, Schwartz explained that because of the small size of

VSI's server, he regularly deleted junk emails.[5]  He also stated that he regularly downloaded all of

his emails from VSI's server,[6] which according to VSI's vendor resulted in deletion from the

---

[1] *See Gonzales v. Google Inc.*, 234 F.R.D. 674, 680 (N.D. Cal. 2006) (internal citations and quotations omitted).

[2] *See Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995).

[3] *See* Docket No. 170 Ex. 1 at 180:25 – 181:13; Ex. 10; Ex. 26.

[4] *See* Docket No. 170 Ex. 10.

[5] *See id* Ex. 1 at181:16 – 182:1.

[6] *See id.* at 180:3-11, 182:6 – 24.

Case No.: 11-6637 RS (PSG)
ORDER

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

server of those emails.[7]  Microstrategy argues that this evidence supports requiring VSI to produce

its email backup disks for a forensic analysis to ascertain whether any substantive emails have been

deleted.  Acknowledging that its request is unusual, Microstrategy offers to pay for the analysis and

to allow an expert with whom VSI's counsel previously has worked to perform the analysis as an

officer of the court.  According to Microstrategy, because the analysis will identify only whether

and to what extent VSI deleted emails, not the emails themselves, VSI need not worry about

privilege waiver.

    VSI responds that it maintained a policy of deleting only junk or spam email and that it is

that policy to which Schwartz's email refers.  VSI informs the court that it instructed Schwartz to

copy Vasudevan and VSI's general counsel Helen Vasudevan ("H. Vasudevan") on every email,

that it preserved all of their emails, and so all of the emails have been preserved.  As to the emails

from Schwartz that VSI apparently did not produce, VSI counters that it had the emails but they

were not responsive to Microstrategy's requests and so VSI did not produce them.  VSI contends

that none of Microstrategy's evidence supports compelling VSI to produce its hard drive for

forensic analysis.

    Although forensic inspection may be warranted when "serious questions exist both as to the

reliability and the completeness of materials produced,"[8] such a step by the court is an

extraordinary remedy that requires substantial support.[9]  As one court noted, "[i]n the absence of a

strong showing that the responding party has somehow defaulted in this obligation, the court

---

[7] *See id.* Ex. 12 at 65:23 – 66:4.

[8] *Brocade Commc'n Sys., Inc. v. A10 Networks, Inc.*, Case No. 10-cv-3482, 2010 WL 70428, at *3 (N.D. Cal. Jan 9. 2012).

[9] *See Powers v. Thomas M. Cooley Law Sch.*, Case No. 5:05-CV-117, 2006 WL 2711512, at *5 (W.D. Mich. Sept. 21, 2006).

3

Case No.: 11-6637 RS (PSG)
ORDER

should not resort to extreme, expensive, or extraordinary means to guarantee compliance."[10] Microstrategy argues that because VSI began thinking about litigation generally in 2006, it had an obligation to preserve going back to that time. But VSI did not initiate litigation against Microstrategy until 2011. While Microstrategy aims to stand in the shoes of Oracle, IBM, and companies that VSI sued earlier, it has not provided any case law that it has standing to assert spoliation charges against VSI for its failure to preserve evidence during other litigation. According to Microstrategy, once VSI thought about litigating on its patents, it had a duty to preserve that every possible party who it later asserted was infringing could claim for the purposes of spoliation. But Microstrategy provides no case suggesting it extends that far. Microstrategy also has not provided sufficient evidence that VSI spoliated after its duty to preserve for its litigation against Microstrategy arose. On this record, the court cannot say that a sufficiently serious question exists to support a forensic analysis of VSI's hard drives.

**B.    In Camera Review**

Microstrategy seeks to have VSI produce an unredacted copy of an exhibit for the court's review of its privilege assertions. VSI responds that the privilege log is sufficient and no in camera review is justified. VSI is right that an in camera review must have a sufficient factual basis before the court will intrude into the privacy of the party asserting the privilege.[11] But given VSI's initial over-redaction of the document and the potential that Schwartz was not an employee during some the conversations at issue, the court is satisfied that Microstrategy has met its burden. VSI shall produce the document for in camera review no later than Friday, April 5, 2013 at 5:00 p.m.

---

[10] *Id.*

[11] *See In re Grand Jury Investigation*, 974 F.2d 1068, 1074-75 (9th Cir. 1992).

Case No.: 11-6637 RS (PSG)
ORDER

**IT IS SO ORDERED**.

Dated:  April 3, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge

Case No.: 11-6637 RS (PSG)
ORDER