1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VASUDEVAN SOFTWARE, INC., | Case No.: 11-cv-06637-RS-PSG |
| Plaintiff, | **ORDER DENYING MOTIONS TO SEAL** |
| v. | |
| MICROSTRATEGY INC., | **(Re: Docket Nos. 171, 180, 186)** |
| Defendant. | |

Vasudevan Software, Inc. ("VSI") and Microstrategy, Inc. ("Microstrategy") move to seal

documents and exhibits offered in support of or in response to Microstrategy's recent motion to

compel.[1]  Having reviewed the requests and the supporting declarations, the court DENIES the

requests.

Sealing motions for documents submitted with nondispositive discovery motions are

subject to the good cause standard of Fed. R. Civ. P. 26(b).[2]  Even under the lower good cause

standard, the parties must make a "particularized showing"[3] that "specific prejudice or harm will

result," [4] and they must "narrowly tailor" their requests to information for which they have made

---

[1] *See* Docket No. 170.

[2] *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

[3] *Id.*

[4] Fed. R. Civ. P. 26(c).

1

that showing.[5]  "[B]road allegations of harm, unsubstantiated by specific examples or articulated

reasoning" will not suffice.[6]  A protective order sealing the documents during discovery may

reflect the court's previous determination that good cause exists to keep the documents sealed,[7] but

a blanket protective order that allows the parties to designate confidential documents does not

provide sufficient judicial scrutiny to determine whether each particular document should remain

sealed.[8]

All of the documents to be sealed are purportedly VSI's confidential information.  In

support of Microstrategy's requests on its behalf and its own request, VSI offers declarations that

state that the documents to be sealed "reflect VSi's protected trade secrets and information that is

not publicly-available or widely known and which, if made public, could cause competitive harm

to" VSI.[9]  This statement alone does not suffice to demonstrate the specific and particularized harm

that would result if the information contained within the redacted and sealed exhibits were

disclosed.

The court nevertheless has reviewed the documents to ensure that they do not contain any

obviously proprietary or personal information and finds much of their contents to be inappropriate

for sealing.  For example, one exhibit includes publicly available patent information[10] and another

includes a published article about the National Security Agency.[11]  For other exhibits, VSI has not

---

[5] Civil L.R. 79-5

[6] *Kamakana*, 447 F.3d at 1178.

[7] *See id.* at 1179-80.

[8] *See* Civil L.R. 79-5(a).

[9] *See* Docket Nos. 178, 180 Ex. 1.

[10] *See* Docket No. 170 Ex. 5.

[11] *See id.* Ex. 6.

2

Case No.: 11-6637 RS (PSG)
ORDER

provided sufficient explanation for why the information would be harmful if disclosed.

Information such as Frank Schwartz's employment with VSI and the disputes following the end of

his employment,[12] VSI's intention to pursue litigation against the National Security Agency,[13] or

VSI's preservation actions or email backup capabilities[14] do not appear to warrant sealing.  VSI

likewise has failed to explain the injury that would result from disclosure of an exchange of emails

between Frank Schwarz and Mark and Helen Vasudevan.[15]

Because VSI has not provided a particularized showing of the harm that would result from

public filing of these documents, the requests to seal the exhibits and redact the briefs are

DENIED.  The parties shall file unredacted copies of the documents within fourteen days.

**IT IS SO ORDERED**.

Dated:  April 4, 2013

Parl S. Arend

PAUL S. GREWAL
United States Magistrate Judge

---

[12] *See* Docket No. 170 Ex. 9; Docket No.179 Exs. 2, 3.

[13] *See id.* Exs. 3, 4.

[14] *See id.* Exs. 2, 12; Docket No. 179 Exs. 3, 11.

[15] *See* Docket No. 179 Exs. 4, 5, 6, 7.

3

Case No.: 11-6637 RS (PSG)
ORDER

**United States District Court**
For the Northern District of California