UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VASUDEVAN SOFTWARE, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICROSTRATEGY INC., ) <br> ) <br> Defendant. ) <br> ) | Case No.: 11-cv-06637-RS-PSG <br><br> **ORDER DENYING MOTIONS TO SEAL** <br><br> **(Re: Docket Nos. 171, 180, 186)** |

Vasudevan Software, Inc. ("VSI") and Microstrategy, Inc. ("Microstrategy") move to seal documents and exhibits offered in support of or in response to Microstrategy's recent motion to compel.[1] Having reviewed the requests and the supporting declarations, the court DENIES the requests.

Sealing motions for documents submitted with nondispositive discovery motions are subject to the good cause standard of Fed. R. Civ. P. 26(b).[2] Even under the lower good cause standard, the parties must make a "particularized showing"[3] that "specific prejudice or harm will result,"[4] and they must "narrowly tailor" their requests to information for which they have made

---

[1] *See* Docket No. 170.

[2] *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

[3] *Id.*

[4] Fed. R. Civ. P. 26(c).

1

Case No.: 11-6637 RS (PSG)
ORDER

that showing.[5]  "[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice.[6]  A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed,[7] but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed.[8]

All of the documents to be sealed are purportedly VSI's confidential information.  In support of Microstrategy's requests on its behalf and its own request, VSI offers declarations that state that the documents to be sealed "reflect VSi's protected trade secrets and information that is not publicly-available or widely known and which, if made public, could cause competitive harm to" VSI.[9]  This statement alone does not suffice to demonstrate the specific and particularized harm that would result if the information contained within the redacted and sealed exhibits were disclosed.

The court nevertheless has reviewed the documents to ensure that they do not contain any obviously proprietary or personal information and finds much of their contents to be inappropriate for sealing.  For example, one exhibit includes publicly available patent information[10] and another includes a published article about the National Security Agency.[11]  For other exhibits, VSI has not

---

[5] Civil L.R. 79-5

[6] *Kamakana*, 447 F.3d at 1178.

[7] *See id.* at 1179-80.

[8] *See* Civil L.R. 79-5(a).

[9] *See* Docket Nos. 178, 180 Ex. 1.

[10] *See* Docket No. 170 Ex. 5.

[11] *See id.* Ex. 6.

2

Case No.: 11-6637 RS (PSG)
ORDER

provided sufficient explanation for why the information would be harmful if disclosed. Information such as Frank Schwartz's employment with VSI and the disputes following the end of his employment,[12] VSI's intention to pursue litigation against the National Security Agency,[13] or VSI's preservation actions or email backup capabilities[14] do not appear to warrant sealing. VSI likewise has failed to explain the injury that would result from disclosure of an exchange of emails between Frank Schwarz and Mark and Helen Vasudevan.[15]

Because VSI has not provided a particularized showing of the harm that would result from public filing of these documents, the requests to seal the exhibits and redact the briefs are DENIED. The parties shall file unredacted copies of the documents within fourteen days.

**IT IS SO ORDERED**.

Dated: April 4, 2013

<i>[signature]</i>
PAUL S. GREWAL
United States Magistrate Judge

---

[12] *See* Docket No. 170 Ex. 9; Docket No.179 Exs. 2, 3.

[13] *See id.* Exs. 3, 4.

[14] *See id.* Exs. 2, 12; Docket No. 179 Exs. 3, 11.

[15] *See* Docket No. 179 Exs. 4, 5, 6, 7.